## In re ANNEXATION OF RENO QUARTERMASTER DEPOT MILITARY RESERVATION TO INDEPENDENT SCHOOL DISTRICT NO. 34, CANADIAN COUNTY.

No. 27235. June 15, 1937.

Andrews & Andrews, for plaintiffs in error.

S. T. Roberson and J. A. Rinehart, for defendants in error.

CORN, J. This is an appeal from a judgment of the county court of Canadian county, after trial de novo on an appeal to that court from an order of the county superintendent of public instruction of said county annexing for school purposes the Reno Quartermaster Depot Military Reservation, commonly known as the Ft. Reno Military Reservation, to independent school district No. 34, which embraces the public school system of the city of El Reno.

The action of the county superintendent was based upon the authority conferred by article 7, chapter 34, S. L. 1935, amending section 7114, O. S. 1931, providing as follows:

"Any military reservation within the state of Oklahoma adjoining an independent school district shall with the consent of the Secretary of War be immediately attached to such independent school district for school purposes by the county superintendent of public instruction of the county in which such military reservations and independent school districts are situated, upon the petition of the commanding officer of the military reservation and with the consent of the board of education of such independent school district being filed with said county superintendent, and rural school districts heretofore receiving the taxes levied against railroad companies and other corporations and their franchises and property on said reservation shall not continue to receive such taxes, but hereafter such taxes shall go to the independent school district to which such military reservation shall be attached for school purposes."

In the year 1904, the county superintendent attempted to attach the territory comprising the reservation to school district No. 70, and thereafter in the year

1916 district No. 70 was divided into two districts, the new district being No. 74, and the reservation was divided between and attached to the two districts, both being rural districts. These two districts took all the taxes paid by the Rock Island Railroad Company and other corporate property and franchises on the reservation, but at the same time denied the children of soliders and civilians living upon the reservation the privilege of attending school in said districts, upon the ground that they lived upon a military reservation. These two school districts objected to the annexation of the reservation to independent school district No. 34, and are prosecuting this appeal.

The controlling question in the case is whether article 7, chapter 34, S. L. 1935, the same being House Bill 115 of the acts of the Fifteenth Legislature, is a valid statute.

The plaintiffs in error contend that it is a special and local act regulating the affairs of school districts and for that reason is inoperative and void under provisions of the Constitution.

The defendants in error contend that the territorial and state school laws were not applicable to the military reservations and that the county superintendent was without authority to annex the reservation to said districts in the first instance, and also contend that the 1935 statute, supra, is general in its application and is neither special nor local and is not regulatory of the affairs of said school districts within the meaning of the Constitution.

The right of the adjacent rural districts to collect the taxes from the taxable property upon the reservation prior to the enactment of the 1935 statute, supra, is not questioned and is not an issue in the case.

Article 1, section 8, U. S. Constitution, confers exclusive jurisdiction upon Congress to legislate in respect to military reservations and similar instrumentalities of the federal government, and therefore the general school laws of this state can have no application to the military reservations located within the state.

The lands comprising the Ft. Reno Military Reservation belonged to the United States and were used as a military reservation long before the territory or the state of Oklahoma came into existence, and when the state was organized, these lands were reserved by the federal government, and Congress has passed no act specifically yielding jurisdiction over the reservation to the state. Nevertheless, the Fourth Legislature of the state of Oklahoma, assuming that statehood conferred upon the state the right of sovereignty over all the territory within its boundaries, and desiring to take cognizance of the jurisdiction essentially belonging to the federal government over the reservation, and reserving to the state only such jurisdiction and powers generally recognized by the federal government in such cases as not inconsistent with the free and effective use of the lands for the purposes intended, passed the Act of March 17, 1913, ceding to the federal government exclusive jurisdiction, with certain reservations, said act being chapter 52, section 1, S. L. 1913, and brought forward as section 12253, O. S. 1931, being as follows:

"That exclusive jurisdiction be, and the same is hereby ceded to the United States over all the territory now owned by the United States and comprised within the limits of the Military Reservations of Fort Sill, in Comanche county, and of Fort Reno, in Canadian county, as declared from time to time by the President of the United States, and over such lands as may hereafter be acquired for the enlargement of said reservations; provided, however, that the state of Oklahoma reserves the right to serve civil or criminal process within said reservations in suits or prosecutions for or on account of rights acquired, obligations incurred, or crimes committed in said state but outside of such cessions and reservations; provided, further, that the state of Oklahoma reserves the right to tax railroad companies and other corporations and their franchises and property on said reservations; and provided, further, that the jurisdiction herein ceded shall continue no longer than the United States shall own and hold said reservaions for military purposes."

These two rural districts are contending for the revenue derived from the taxation of taxable property within the reservation, and at the same time they deny children of school age residing upon the reservation admission to their schools.

The statute under consideration is permissive as to both the federal authorities and the board of education of the independent school district, the annexa-

tion of the reservation to the independent school district depending upon the consent of both. If the commanding officer of the military reservation, with the consent of the Secretary of War, desires to have the reservation attached to the independent school district for school purposes and the board of education consents thereto, it is mandatory upon the county superintendent to make the order attaching same upon the filing of the petition of the commanding officer (and the consent of the board of education) with said county superintendent. The taxes from the taxable property on the reservation rightfully go to the school district assuming the burden of providing the facilities for the education of the children from the territory thus attached.

As to whether the statute is general, special, or local within the intent of the constitutional provisions prohibiting special and local statutes, it is well to resort to the definition of the terms and then determine from the language of the statute within which definition it comes.

A general law within the intent of constitutional provisions of the character under consideration is a law which affects all the people of the state or all persons or things of a particular class, although the class must be legitimately constituted. Where a law relates to a class, it must, in order to be regarded as a general law, be general in its application to the class; it must operate uniformly as to all the persons or subjects included, and all the class within like circumstances must come within its operation. 59 C. J. 728.

"A special law is one which relates to particular person or things or to particular persons or things of a class, or which operates on or over a portion of a class instead of all of the class. * * *" 59 C. J. 735.

"A local statute is one which operates over a particular locality instead of the whole territory of the state. However, in some jurisdictions it has been held that an exception of some localities from a law otherwise operative generally throughout does not of itself make the law local, but it depends on the circumstances of each case, and a law is not necessarily a local law because its operation is confined to a single city or county if it affects the interests of the people of the entire state. A statute which applies in general terms to all of the cities of the state is not local. * * *" 59 C. J. 737.

It will be observed that the statute under consideration applies to "any military reservation within the state of Oklahoma adjoining an independent school district." Its application is general to a particular class. It operates uniformly upon all military reservations and all independent school districts adjoining military reservations within the state. The statute is therefore a general law and does not come within the prohibition of the Constitution against special and local laws, and is valid.

The judgment of the county court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur.