MISSOURI–KANSAS–TEXAS RAILROAD CO., a corporation, and Ernest A. Durbin, Plaintiffs in Error,

v.

Mrs. John R. EDWARDS, Defendant in Error.

No. 38421.

Supreme Court of Oklahoma.

July 11, 1961.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, and William A. Thie, Denison, Tex., for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. (Pat) O'Neal, Tulsa, for defendant in error.

BERRY, Justice.

The parties will be referred to as in the original opinion which is reported in Okl., 361 P.2d 474.

In the body of the referred-to opinion, this was said:

"After having considered all relevant facts and circumstances, we have concluded that the verdict in the instant case is excessive to the extent of $46,200 and for said reason the defendants are entitled to a new trial unless plaintiff, within 30 days after the mandate herein reaches the trial court, agrees to a remittitur of that portion of the judgment, which, exclusive of costs, exceeds the sum of $128,800.00.

\* \* \* \* \* \*

"Affirmed subject to a remittitur of $46,200.00, otherwise reversed and remanded for new trial."

After the mandate with opinion attached reached the trial court, plaintiff elected to file a remittitur in accordance with the opinion. Following said action, a controversy arose between the parties relative to whether interest was owing on the judgment as reduced by the remittitur from date first rendered or from date that the trial court will render judgment on the mandate. As a result of said controversy, plaintiff filed a motion in this Court to recall the mandate for the purpose of correcting same so as to show that interest should be computed on the unremitted portion from date same was originally rendered by the trial court.

■ Here, as in No. 38,422 Okl., 361 P.2d 459, Katy has agreed that said motion may be treated as a proceeding invoking the supervisory control of this Court over the lower court, therefore, as a proceeding in the nature of an application for a writ of mandamus. We have elected to so treat said motion.

■ On the merits, Katy contends that "statutory interest should only run from date of entry of the new judgment in the trial court in compliance with this Court's mandate". An identical contention was made in No. 38,422, 361 P.2d 459, which contention, as reflected by our last opinion therein, 401 P.2d 303, was rejected.

In view of the fact that the issue presented by this proceeding and the issue presented in the proceeding in No. 38,422 are identical, the opinion in said case is adopted as the opinion herein.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, and IRWIN, JJ., concur.