Sandra **HAMILTON**, Appellee,

v.

**OKLAHOMA CITY**, Appellant.

No. 45756.

Supreme Court of Oklahoma.

Sept. 17, 1974.

Rehearing Denied Oct. 15, 1974.

Berry & Berry, Oklahoma City, for appellee.

Walter M. Powell, Municipal Counselor, Oklahoma City, Jerry R. Fent, Asst. Municipal Counselor, Oklahoma City, for appellant.

Waldo F. Bales, City Atty., Phillip S. Haney, Asst. City Atty., City of Tulsa, for amicus curiae.

SIMMS, Justice:

This is an action for damages sustained from the alleged false imprisonment of the plaintiff by an Oklahoma City Police Officer.

The trial of the case resulted in a directed verdict for plaintiff on the issue of liability and a jury award of $1,800.00 for damages. The Court of Appeals affirmed the judgment of the trial court.

We Grant Certiorari, Vacate the opinion of the Court of Appeals, and Affirm the Trial Court.

The City appealed and although several allegations of error were made in the Petition in Error, the only issue discussed in the briefs is the constitutionality of the Oklahoma Governmental Tort Liability Act (11 O.S.1971, §§ 1751–1766) which provides that cities with over 200,000 population will be liable for its torts arising out of its governmental functions. Oklahoma City and Tulsa are the only cities covered by this legislation. Tulsa has filed an amicus curiae brief in the case.

The City argues the Act is unconstitutional because it violates Article 5, § 46, of the Oklahoma Constitution, prohibiting the legislature from passing local or special legislation regulating the affairs of cities. Sections 32 and 59, of Article 5, also prohibit and regulate special legislation. The City further contends the Governmental Tort Liability Act is discriminatory as an unreasonable classification with no relation to the subject matter of the law.

■ This Court has determined in several cases the question of whether statutory classification of cities by population violates the constitutional prohibition against special or local legislation. A "local" statute has been defined as one which operates over a particular locality rather than the whole state—unless the locality is sufficiently distinguished with a proper relation to the purpose of the statute. In re Annexation of Reno Quartermaster Depot, 180 Okl. 274, 69 P.2d 659 (1937). In other words, the law is local if the classification is not based upon some substantial differences in the circumstances bearing a rational relation to the purpose of the statute. There must be some distinctive char-

acteristic upon which a different treatment may be reasonably founded and that furnishes a practical and reasonable basis for discrimination. Board of Commissioners v. Beaty, 67 Okl. 281, 171 P. 34 (1918).

The test for determining whether population is a reasonable basis for classification has been consistently stated by this Court as set forth in Key v. Donnell, 107 Okl. 157, 231 P. 546 (1924), Syllabus 1:

"The Legislature may classify the counties and cities of the state on the basis of population for legislative purposes when the classification is not arbitrary and capricious, but is founded upon real and substantial distinctions and the questions of population bears some reasonable, rational relation to the subject-matter."

For the same rule, see Burks v. Walker, 25 Okl. 353, 109 P. 544 (1909); Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448 (1928).

More recently, this Court held:

"As between the persons and places *included* within the class upon which the law operates and those *excluded* from it there must be some distinctive characteristic warranting a different treatment and affording a practical and real basis for discrimination." State v. District Court of Mayes County, Okl., 440 P.2d 700 (1967).

The issue in this case, then, is whether cities in Oklahoma with over 200,000 population are sufficiently distinctive from less populated cities to permit a separate classification for the purposes of governmental tort liability.

In Hudgins v. Foster, 131 Okl. 90, 267 P. 645 (1928), this Court considered the question of general versus special legislation, and said:

"Preliminary to the discussion of the main issue in this case, *it will be observed that courts do not concern themselves as to whether an act of the Legislature is wholesome and salutary in its operation or whether such legislation is*

*unwise and* harmful. The judicial department of the government can interfere with legislative action only when it clearly appears that a given act thereof contravenes the basis law of the state, and for that reason is unconstitutional and void. * * *"

In the classification by population cases decided by this Court, even though the Court has cited and sought to apply the general rule as set forth in *Key, supra,* each case has either fallen or stood on its particular facts. Thus, there is no universal rule that Oklahoma City and Tulsa, because they are large cities and have unique problems, can in every case, be placed in a different class from other cities in the state. In many cases, other large cities in the state will have problems similar to Oklahoma City and Tulsa. On the other hand, it has been held that the fact that at the time a statute is enacted only one municipality falls within its classification will not render it invalid as special or local if the classification is founded in reason and is general in terms. Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355 (1938). Each statute based upon a categorization by population characteristics must bear some reasonable, rational relation to the subject matter.

There are no easily applied rules. For instance, the mere fact the classification is an open ended one which would automatically bring any city reaching the 200,000 population mark within the ambit of the statute—without upper limits on population—is not decisive that the legislation is general in nature.

On the other hand, size may be an important factor in any particular classification scheme based on population. This Court has long recognized that cities having a larger population may have problems much different from less populated counties, insofar as many topics of legislation are concerned. Bell v. Crum, 188 Okl. 67, 106 P.2d 518 (1940); Lowden v. Okla. Co. Excise Board, 186 Okl. 706, 100 P.2d 448 (1940).

A classification scheme very similar to the Act in question was considered in Lowden v. Okla. Co. Excise Board, *supra*. The statute in that case created public defender and probation offices in counties having a population of 200,000 or more and containing a city of 175,000 or more—an open ended classification. Oklahoma City was the only city effected. The statute was upheld by this Court holding the classification was not clearly capricious and arbitrary since population is closely related to the need for probation and public defender offices—the object to be attained by the legislation.

In Isaacs v. Oklahoma City, Okl., 437 P. 2d 229 (1966), the Court found the Urban Redevelopment Act to be a general law even though it applied only to cities in excess of 100,000 population. It was reasoned that judicial examination of any legislative enactment must proceed on the assumption such law is valid until the contrary is clearly shown and that it "is not to be stricken down on ground that it is unconstitutional, unless infringement of the constitution is clear beyond a reasonable doubt."

The classification by population statute authorizing fairs in all counties having a population of 100,000 or more but less than 200,000 was held unconstitutional as a local law in Tulsa Exposition & Fair Corp. v. Bd. of Co. Comm'rs, Okl., 468 P.2d 501 (1970). Tulsa was the only county in the classification, Oklahoma County was excluded because of the upper population limit. The Court could find no distinctive characteristic between the counties that would permit the classification based on population.

More nearly in point is Sanchez v. Melvin, Justice of the Peace, Okl., 418 P.2d 639 (1966). *Sanchez* dealt with the constitutionality of a statute which conferred jurisdiction of justices of the peace in counties having population in excess of 185,000 coextensive only with the *township* or *district* in which they were elected, but in all other counties coextensive with the *county*

in which they were elected. The Court, in holding such legislation in compliance with constitutional requirements said in Syllabus by the Court:

"1. The Legislature may classify the counties and cities of the state on the basis of population for legislative purposes, when the classification is not arbitrary and capricious, but is founded upon real and substantial distinctions, and the questions of population bear some reasonable, rational relation to the subject matter."

"2. It is not essential in order that a law be general in its operation as distinguished from local or special, as contemplated by section 46, article 5, and section 59, article 5, of the Oklahoma State Constitution, Okl.St.Ann., that it be universal in its application and operate the same in every section of the State and upon all persons, individuals or corporations alike. On the contrary the Legislature may classify for legislative purposes, but a classification so adopted must be neither arbitrary nor capricious and must bear a reasonable relation to the object to be accomplished."

In the absence of a clear showing that the legislation is arbitrary and capricious or that the classification does not bear a reasonable relation to the purpose of the statute, we are bound by the time-honored principle of the presumed validity of statutes. There has been no showing that the Governmental Tort Liability Act is not necessitated by the unique attributes of large cities. It has been suggested that the congestion of larger cities and the additional governmental functions that are performed result in more risks to the citizenry. The legislature must have considered the increased risk factor when adopting the classification. We are unable to say the City has met the burden of proving the congestion of population is unrelated to the Governmental Tort Liability Act. The classification is not unreasonable, and does not contravene the Constitution of Oklahoma.

Judgment of the trial court affirmed. Opinion of the Court of Appeals vacated.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES and DOOLIN, JJ., dissent.