TEXAS OKLAHOMA EXPRESS,
Petitioner,

v.

Leslie SORENSON and The Workers'
Compensation Court, Respondents.

No. 56273.

Supreme Court of Oklahoma.

Oct. 5, 1982.

Looney, Nichols, Johnson & Hayes by Yvonne Sparger Nichols, Oklahoma City, for petitioner.

Guy Secor, Oklahoma City, for respondents.

LAVENDER, Justice:

Leslie Sorenson, Claimant, filed a Workers' Compensation claim against Texas Oklahoma Express, Respondent, alleging an accidental injury to his left arm on April 16, 1980. He further alleged reinjury to his left arm while in the employ of Respondent. Respondent admitted occurrence of Claimant's accident on June 20, 1980, leaving the only contested issue the nature and extent of disability. Upon hearing, the trial court held that Claimant had suffered an accidental injury to his left hand. The trial court found that Claimant had a 25% permanent partial disability to his left hand prior to

April 16, 1980, and on that date sustained an additional 35% permanent partial disability to the left hand. Respondent appealed to the court en banc which affirmed the trial court, from which ruling Respondent appeals to this Court.

■ Respondent alleges that the trial court's order is incorrect and should be reversed because it makes no finding relative to any injury to Claimant's *left arm*. This claim of error is based upon the fact that Claimant's Form 3 filed with the Workers' Compensation Court alleges Claimant sustained an injury to his *left arm* on April 16, 1980, whereas, all of the evidence at the trial, and the findings of the trial judge referred only to an injury to Claimant's *left hand*. If the erroneous description of the injured member in the Form 3 was error at all, it was harmless error and no basis for reversal. The Workers' Compensation Court is a court of record with authority to adopt reasonable rules and regulations within its respective areas of responsibility which, when approved by the Supreme Court, "if not inconsistent with law, shall be binding in the administration of the Workers' Compensation Act."[1] Among the Rules so adopted on July 4, 1978, effective August 15, 1978, is Rule 21, which provides:

"An objection to testimony offered by oral examination in open court must be made at the time the testimony is sought to be elicited. An objection to testimony offered by deposition must be interposed at the time the deposition is offered or at the deposition hearing. An objection to medical testimony offered by verified or declared report, if on the grounds that 1) it is based on inaccurate or incomplete history or is otherwise without probative value, or 2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, must be interposed at the same time it is offered into evidence. Unless an objection is timely made, it shall be deemed waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case."

■ Rules and regulations enacted by administrative agencies pursuant to the powers delegated to them have the force and effect of law.[2] Rules of court properly promulgated, and not exceeding the limitation of the court's rulemaking power, likewise have the force of law.[3]

■ No objection was made by Respondent during any of the proceedings below either because of the erroneous designation of the injured member in the Form 3, or to the evidence which was all directed toward Claimant's hand injuries, rather than to injuries to the arm. Neither has Respondent shown any prejudice resulting therefrom. Errors which are not prejudicial to the complaining party furnish no grounds for reversal on appeal.[4] The apprehensions expressed by Respondent that the ruling of the trial court will not be res judicata of any future claims by Claimant relating to past injury to Claimant's *arm* are rendered illusory by reason of the fact that except for the mis-characterization of the member injured in the Form 3, no reference appears anywhere in the entire record to any injury to Claimant's *arm*. The case before us is thus clearly distinguishable from cases cited by Respondent wherein the possibility of an actual injury remains undisposed of in the findings and order of the trial court, thus posing a threat to future litigation relating to the same.

■ Respondent next contends that the order of the trial court is erroneous and must be reversed because the trial judge conducted a physical examination of Claimant's hand and wrist in open court, observing that Claimant had lost about half of the range of motion flexing his hand, and a little more than half of the hyperextension,

1. 85 O.S.Supp.1977, § 1.2 E, F.

2. 2 Am.Jur. Administrative Law, § 292.

3. 20 Am.Jur.2d Courts, § 85.

4. *Missouri, K. & T. Railroad Co. v. Caster,* Okl., 410 P.2d 67 (1967).

with sideways deviation slightly restricted, on the basis of which the trial judge, arguably, might have arrived at his findings regarding disability. In support, Petitioner cites 85 O.S.Supp.1978, § 17 A. Respondent further urges that the medical report of Dr. M. pertaining to Claimant's disability did not conform to the requirements of Rule 20[5] of the Rules of the Workers' Compensation Court, and could not therefore have been properly considered by the trial court in arriving at its findings concerning Claimant's disability. However, Respondent made no objection in open court to the evidence elicited either by way of the in-court physical examination by the trial judge or to the admissibility of Dr. M.'s

medical report as is required under Rule 20, supra. The evidence now sought to be challenged by Respondent on appeal cannot, therefore, be espoused as reversible error.

Respondent next contends that what is now 85 O.S.1981 § 3.6, insofar as it requires as a conditional prerequisite to the appeal of a decision of the Workers' Compensation Court a written undertaking to the claimant "to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon at the rate of eighteen percent (18%) per year from the date of the award by the judge of the Court and all costs of the proceeding, ..." is "a penalty provision, inhibiting the

5. Rule 20 of the Rules of the Workers' Compensation Court provides:

"Expert medical or rehabilitation testimony may be offered by (1) a verified or declared report, (2) deposition, or (3) oral examination in open court.

The court, taking into consideration that it is costly and time-consuming to have physicians actually appear at time of trial for the purpose of giving live testimony, encourages the production of medical evidence by verified or declared report which shall contain the following:

(a) A complete history of the claimant, including all previous relevant or contributory injuries with a detailed description of the present injury.

(b) The complaints of the claimant.

(c) The physician's findings on examination, including a description of the examination and any diagnostic tests and x-rays.

(d) The date and cause of the alleged injury and whether, in the physician's opinion, it is job-related.

(e) What medical treatment has already been rendered and what treatment, if any, the physician recommends for the future.

(f) What physical rehabilitative procedures have already been rendered and what rehabilitative procedures, if any, the physician recommends for the future.

(g) The period during which the claimant was temporarily and totally disabled. If the claimant remains temporarily and totally disabled, the physician should so indicate. If temporary total disability has already terminated, he must indicate the date upon which it terminated.

(h) The physician's evaluation of the extent of any impairment with a clear indication as to whether it is temporary or permanent in nature. (In the event that the injury occurred before July 1, 1978, the physician shall give his evaluation of the extent of the claimant's disability which shall be based on

the claimant's capacity to perform ordinary manual or mechanical labor.)

(i) Any other detailed factors upon which the physician's evaluation of permanent impairment is based, including the fact that the evaluation is in substantial accordance with the 'Guides to the Evaluation of Permanent Impairment' as published by the American Medical Association in 1977. Whenever the physician deviates from the 'Guides', the basis for his deviation shall be stated together with full medical explanation. (If the injury occurred before July 1, 1978, the physician's testimony need not be based on or in accordance with the 'Guides' but must include such detailed factors upon which his evaluation of permanent disability is based.)

(j) Finally, the report itself must be signed by the physician and be verified or contain a written declaration, made under the penalty of perjury, that the report is true. The following form for the declaration is suggested: 'I declare under penalty of perjury that I have examined this report and all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.'

Within ten (10) days of receiving a copy of the other party's verified or declared report, a party-recipient shall advise the court in writing if there is an objection to the admission of the verified or declared report in evidence. A copy of the objection shall be mailed to all other parties. Unless the court and the other parties are timely notified of the objection, the party-recipient of the verified or declared report shall be deemed to have waived its right to object and the verified or declared report shall be admitted in evidence at the hearing. When timely objection is received, the party intending to offer the verified or declared report shall, within a reasonable time, arrange for the taking of the physician's deposition."

right of appeal and denying Petitioner equal protection of the law as guaranteed by the Oklahoma and United States Constitution."

It is not the right or the power of the legislature to prescribe interest rates on judgments of courts of record which is challenged by Respondent who concedes such right and power was fully recognized in *Western Natural Gas Co. v. Cities Service Gas Co.*[6] Rather, it is the disparity between the interest rate made applicable to Workers' Compensation awards as compared with the interest rate applicable in the case of other judgments, and the requirement of the undertaking to assure payment of the award as a condition to maintaining an appeal from such award (as distinguished from a supersedeas bond as a condition to superseding a judgment on appeal in the case of other judgments) which are challenged on constitutional grounds.

Statutes frequently require the giving of a bond or other security by or on behalf of the appellant or plaintiff in error to perfect an appeal or error proceeding so as to effect an absolute security to the other parties to be affected by the appeal. Generally, the giving of such bond is jurisdictional.[7]

85 O.S.1981, § 42 in pertinent part provides:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall be entered on the judgment docket of the district court, and shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by order of the Court shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction thereof."

Thus, a Workers' Compensation award unpaid ten days after due becomes upon a certified copy being entered on the judgment docket, in effect, a judgment of the same quality and standing as judgments of the district court,[8] except for the following: The Workers' Compensation judgment bears interest at the rate of 18% per annum under 85 O.S.1981, §§ 3.6, 42; judgments of courts of record except the Workers' Compensation Court bear interest at the rate of 12% per year, except judgments against the State of Oklahoma or its political subdivisions which bear interest at the rate of 10% per year.[9] Generally, no appeal bond or undertaking which assures the payment of the principal amount of the judgment is required as a condition to appeal from the judgments of the district court, unless the judgment is sought to be superseded.[10] On the other hand, as we have pointed out, judgments of the Workers' Compensation Court may not be appealed by employer or insurer without the filing of such an undertaking (excepting municipalities or other political subdivisions of the State of Oklahoma).

In addressing this issue, we take into consideration not only the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, but also the pertinent provisions of the Oklahoma Constitution.[11]

■ In testing the validity of a state statute which differentiates in its treatment of one group of individuals compared with its treatment of another group as against the constitutional prohibition

6. Okl., 507 P.2d 1236 (1972), appeal dismissed and certiorari denied, 409 U.S. 1052, 93 S.Ct. 559, 34 L.Ed.2d 506.

7. 4 Am.Jur.2d Appeal and Error, § 323.

8. *Cassidy v. Dielsen,* Okl., 560 P.2d 188 (1977).

9. 12 O.S.1981, § 727.

10. *Stuart v. Coleman,* 78 Okl. 81, 188 P. 1063, at page 1065, 10 A.L.R. 411 (1920).

11. Art. 2 § 7; Art. 5 § 46.

against taking property without due process of law, against denial of equal protection of the laws, and against the enactment of special as distinguished from general laws, a common test is applied, i.e., whether the classification which forms the basis for the differentiation is neither arbitrary nor capricious, and bears a reasonable relation to the object to be accomplished.[12]

Under the common law, judgments do not bear interest, and therefore, if recoverable at all, it is by force of statute.[13]

It has been said that: "One of the basic principles involved in considering the validity of legislation assailed under equality provisions of the federal and state constitutions is that in the exercise of its power to make classifications for the purpose of enacting laws over matters within its jurisdiction, the state is recognized as enjoying a wide range of discretion. Therefore, whenever the power to regulate exists, the details of the legislation and the proper exceptions to be made rest primarily within the discretion of the state legislature. It is competent for the legislature to determine upon what differences a distinction may be made for the purpose of statutory classification between objects otherwise having resemblances, although, of course, such power cannot be exercised arbitrarily and the distinction made must have some reasonable basis." [14]

■ Various features of workers' compensation laws have been challenged unsuccessfully in the courts on the ground that they deny equal protection of the laws guaranteed by the Fourteenth Amendment, and that they are class legislation prohibited by constitutions of the states.[15]  Diversity of treatment in workers' compensation cases from other cases has often been judicially rationalized because of the inapplicability in workers' compensation statutes of the fellow servant rule, contributory negligence doctrine, proof of quantum of compensatory damages, etc.[16]  The legislative policy inherent in workers' compensation statutes is that job-related injuries tend to place workmen and their families in acutely necessitous circumstances which make it imperative that the compensability of their claims be expeditiously determined and that compensation to which they are entitled be promptly paid.  The public policy thus enunciated remains unchanged by the entry of a judgment in favor of the worker, and continues unabated until the award has been paid.  For this reason, we reject the rationale of *Arizona Eastern R. Co. v. Head,*[17] cited by Petitioner, which reasons that when an award is reduced to the status of *judgment,* it assumes a classification in common with all other judgments insofar as constitutional equal protection of the laws considerations are concerned.

We do not consider *Union Indemnity Co. v. Saling,*[18] likewise cited by Petitioner, applicable here.  The issue in *Union* was whether the statutory requirement of posting a supersedeas bond as a condition to appeal constituted an unreasonable restraint on the right of the party adversely affected to obtain a judicial review.  The statute there under consideration placed workmen's compensation judgments in conformity with other judgments in requiring a supersedeas bond as a condition to superseding a judgment on appeal.  Neither

12. 16A Am.Jur.2d Constitutional Law §§ 740, 746, 753, 817; *Hamilton v. Oklahoma City,* Okl., 527 P.2d 14 (1974); *Barrett v. Board of Com'rs of Tulsa County,* 185 Okl. 111, 90 P.2d 442 (1939); *Wilkinson v. Hale,* 184 Okl. 165, 86 P.2d 305 (1939); *Williams v. Starr,* Okl.App., 534 P.2d 29 (1975); *Oklahoma City v. Excise Board of Oklahoma County,* 193 Okl. 189, 141 P.2d 805 (1943); *In re Annexation of Reno Quartermaster Depot Military Reservation to Independent School Dist. No. 34, Canadian County,* 180 Okl. 274, 69 P.2d 659 (1937); *Burks v. Walker,* 25 Okl. 353, 109 P. 544 (1910).

13. *Missouri-Kansas-Texas Railroad Co. v. Edwards,* Okl., 401 P.2d 306 (1961).

14. 16A Am.Jur.2d Constitutional Law § 747.

15. 6 A.L.R. 1562; 28 A.L.R. 1222, 1227; 142 LAR 635.

16. 81 Am.Jur.2d Workmen's Compensation §§ 15, 16.

17. 26 Ariz. 259, 224 P. 1057 (1924).

18. 166 Okl. 133, 26 P.2d 217 (1933).

did *Union* involve the constitutional challenges posed in the case at bar.

We believe the rationale set forth in *Thayer v. Phillips Petroleum Co.*[19] is determinative here. In *Thayer,* the constitutional challenge was directed to a portion of the Small Claims Procedure Act (12 O.S.Supp. 1975, § 1757). There the public policy inherent in the Small Claims Procedure Act was determined to be a compelling interest which justifies the law, and the distinctions between the statutory treatment of small claims as compared with other claims are reasonably necessary to further its purpose. In *Thayer,* we held:

> "There are two standard tests used to review legislative classification in cases involving the equal protection clause. The first is the basic and conventional standard for reviewing discrimination or differentiation of treatment between classes of individuals. It manifests restraint by the judiciary in relation to the discretionary act of the legislature, and invests legislation involving differentiated treatment with a presumption of constitutionality. This standard requires merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose. Under this rationale, if a classification does not permit one to exercise the privilege while refusing it to another of like qualifications, under similar conditions and circumstances, it is unobjectionable. The classification must be neither arbitrary nor capricious, and it must bear a rational relationship to the objective sought to be accomplished. A classification is constitutional if there is a reasonable classification and reasonable opportunity for uniform or equal incidence on the class created. The appellant's position is that although the statute is obviously discriminatory, it is constitutional because: all defendants in like circumstances are treated equally; and the burden is on the appellee to show that it is essentially arbitrary and clearly unreasonable. The

burden of demonstrating the invalidity of classifications under the traditional standards rests squarely on the party who assails it."

With reference to the constitutional challenge posed by the Fourteenth Amendment right to equal protection of the law and by art. 2, § 6 of the Oklahoma Constitution, we further held: "Where fundamental rights and liberties are involved, classifications which might restrain them must be strictly scrutinized. Access to the courts and those procedures utilized therein are clearly fundamental rights . . . ." We find and determine, as we did in *Thayer,* "that the statute is not only bottomed on a rational basis, but that it serves a compelling public interest, and that the distinction and classification drawn by it withstand the inspection of scrutiny."

We further observe that the views herein expressed are consonant with the principles set forth in *Wengler v. Druggists Mutual Ins. Co.*[20]

We therefore hold that it is constitutionally permissible for the Workers' Compensation Act to require the posting of an appeal bond as a condition to an appeal from an order of the Workers' Compensation Court, when no such appeal bond posting is required as a prerequisite to an appeal from the district courts, and to further require an appeal bond conditioned that the appellant will pay the amount of the award rendered therein as a conditional requisite to appeal from an order of the Workers' Compensation Court as is set forth in 85 O.S.1981, § 3.6.

The order of the Workers' Compensation Court, sitting en banc, is hereby sustained.

IRWIN, C.J., BARNES, V.C.J., and HODGES, SIMMS, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurs in part and dissents in part.

19. Okl., 613 P.2d 1041 (1980).

20. 446 U.S. 142, 64 L.Ed.2d 107, 100 S.Ct. 1540 (1980).