Dear Representatives Hunter,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Do the provisions of 74 O.S. 1813.2 (1987) violate theOklahoma Constitution's prohibition against "special laws" asembodied in Article V, Section 32, Article V, Section 46 andArticle V, Section 59?
¶ 1 Your question requires an interpretation of a statute involving the Oklahoma Department of Tourism and Recreation, i.e., 74 O.S. 1813.2 (1987), which became effective on July 20, 1987, and provides as follows:
 The Department of Tourism and Recreation may contract with an advertising agency to assist the Department in carrying out the marketing duties prescribed by law. Provided, however, the advertising agency entering into such a contract with the Department of Tourism shall not at the time of the selection or at any time during the term of the contract have a contract with the Oklahoma Department of Commerce.
¶ 2 You wish to know whether the foregoing statute violates the prohibition against special laws contained in Article V of the Oklahoma Constitution.
¶ 3 Article V, Section 32 of the Oklahoma Constitution prohibits the Legislature from considering any special laws unless a notice that a bill will be introduced is published weekly for four consecutive weeks and filed with the Secretary of State. Article V, Section 46 of the Oklahoma Constitution prohibits the Legislature from passing any local or special laws in certain specifically enumerated circumstances, none of which applies to your question. Article V, Section 59 of the Oklahoma Constitution provides as follows:
 Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.
¶ 4 The issue you present is whether 74 O.S. 1813.2 (1987) is such an unconstitutional special law. Whether a law is general or special must be judged in the context in which it operates.Oklahoma City v. Griffin, 403 P.2d 463, 465 (Okla. 1965). Local and special laws forbidden by Article V, Section 46 of the Oklahoma Constitution are those which apply to less than a whole class of persons, entities or things standing upon the same footing or in substantially the same situation or circumstances and therefore do not have a uniform operation. Id.; see also
A.G. Opin. No. 81-165.
¶ 5 Section 1813.2 facially affects all individuals or entities which presently have an advertising contract with the Department of Commerce, as well as all individuals or entities which plan to enter into such contracts in the future.
¶ 6 Generally, in considering the constitutionality of a statute, there is a presumption that the Legislature did not intend to violate the constitution. Elias v. City of Tulsa,408 P.2d 517 (Okla. 1965). In testing the validity of a state statute which differentiates in its treatment of another group as against the enactment of special, as distinguished from general laws, the test is whether the classification which forms the basis for differentiation is neither arbitrary nor capricious, and bears a reasonable relation to the object to be accomplished. TexasOklahoma Exp. v. Sorenson, 652 P.2d 285 (Okla. 1982). A law is special within constitutional prohibitions only if there exists no legitimate relationship between the objective of the legislation and the restrictive classification employed.Williams v. Starr, 534 P.2d 29 (Okla.App. 1975).
¶ 7 We can conceive of a rational basis on which the Legislature enacted 74 O.S. 1813.2 (1987). For example, the Legislature may have thought that different advertising points of view were necessary for the Department of Commerce and the Department of Tourism and Recreation so that one entity should not provide the same services to both agencies. There is nothing to show that the relationship between the purpose of 74 O.S.1813.2 (1987), and the restrictive classification is not legitimate. A statutory discrimination, such as the apparent class of advertisers in this case, will not be set aside if any state of facts may be conceived to justify it. Chatman v.Barnes, 357 F. Supp. 9 (N.D. Okla. 1973).
¶ 8 Therefore, 74 O.S. 1813.2 is not an unconstitutional special law within the meaning of Article V, Section 32 and Article V, Section 59 of the Oklahoma Constitution. In addition,74 O.S. 1813.2 does not authorize any of the activities which are prohibited by the specific provisions of Article V, Section46 of the Oklahoma Constitution.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that the provisions of 74 O.S. 1813.2 (1987), whichrestrict the Department of Tourism and Recreation fromcontracting with advertising agencies under certaincircumstances, do not violate the provisions of Article V,Section 32, Article V, Section 46 and Article V, Section 59 ofthe Oklahoma Constitution which prohibit enactment of speciallaws by the Legislature.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
KATHLYN A. RHODES ASSISTANT ATTORNEY GENERAL