**JET–NASH SCHOOL DISTRICT NO. I–4 OF ALFALFA COUNTY, Oklahoma, Appellant,**

v.

**CHEROKEE SCHOOL DISTRICT NO. I–46 OF ALFALFA COUNTY, Oklahoma, Appellee.**

No. 68415.

Supreme Court of Oklahoma.

June 20, 1989.

Jones & Jennings by Stephen Jones & Craig Bryant, Enid, for appellant.

Ginder & Moore by Ed Moore, Cherokee, for appellee.

DOOLIN, Justice.

This action involves the attempted annexation of the GREAT SALT PLAINS WILDLIFE REFUGE (Refuge) by the Jet–Nash School District I–4. The Refuge is surrounded by three school districts in Alfalfa County, namely Cherokee School District I–46, Burlington School District I–1, and the Jet–Nash School District. Prior to September 9, 1986, the Refuge was not formally declared to be in any school district within Alfalfa County. Each year since the Refuge was declared to be public land there has been a payment made by the Wildlife Department to the separate school districts in Alfalfa County for a portion of certain fees attributable to the Refuge. This money was allocated among the school districts based upon attendance or school population. The Refuge is located close to Jet–Nash Schools.

On September 9, 1986, the acting manager of the Refuge presented to Kathryn Corr, Acting County Superintendent of Schools in Alfalfa County, a request for annexation of federally owned land, pursuant to 70 O.S.1981, § 7–108. In addition to this request, Superintendent Corr also received a resolution of the Board of Education of Jet–Nash School District, consenting to the request for annexation.

Upon receipt of the request for annexation and of the resolution consenting thereto, Superintendent Corr contacted the State Board of Education to determine if the area to be annexed was located within the transportation area of Jet–Nash School District. Superintendent Corr was erroneously informed at that time that the annexed area was located within the Jet–Nash School District transportation area. Thereafter, on the same date, Superintendent Corr executed the order declaring annexation. All of this was done without the knowledge or consent of Cherokee School District or Burlington School District, and without any notice to them nor to the State Board of Education.

Within seven days of executing the order, Superintendent Corr ascertained the information obtained from the State Board of Education was in error. She learned the area annexed (Refuge) had not been previously assigned by the State Board of Education to the transportation area of the Jet–Nash School District, nor had it ever been assigned to the transportation area of any school district. See 70 O.S.1981, § 9–105.

On September 23, 1986, Cherokee School District I–46 and Burlington School District I–1 filed a petition in the District Court of Alfalfa County, seeking a declaratory judgment on the validity of the order in the

District Court on the ground that § 7–108 requires the Refuge be attached to an independent school district within the same transportation area. The petition alleged that because the State Board of Education had not assigned the Refuge to any transportation area of any school district in Alfalfa County, the annexation to Jet–Nash School District was improper.

On October 30, 1986, Jet–Nash School District filed a special appearance asking for the dismissal of the action, because Cherokee and Burlington School Districts were not the proper parties to bring suit. The Special Appearance was construed by the trial court as a motion to dismiss pursuant to the Oklahoma Pleading Code, and was subsequently overruled. The trial court specifically found that because both Cherokee and Burlington School Districts were going to lose their share of the previously prorated Refuge payment by reason of the Order Declaring Annexation, which would give all the money to Jet–Nash, they each had standing to sue and were the real parties in interest pursuant to 12 O.S.1984 Supp., § 2017.

Motions for summary judgment were subsequently filed by parties on both sides of the case. The matter came on for hearing on January 22, 1987, and upon consideration of motions, briefs, oral arguments and affidavits on file, the Court ordered the motion for summary judgment filed by Cherokee and Burlington School Districts be granted. By journal entry dated February 9, 1987, the order declaring annexation was declared void and invalid and of no force and effect.

This action comes before the Supreme Court on appeal from the final judgment rendered by the District Court. The issue to be resolved is one of first impression and is important not only because it involves the yearly division of money, but also because of the potential developments within the large Refuge area, which could involve the allocation of even larger proceeds in the future. Additionally, a clear guideline must be set to allow local boards of education of our state as well as the taxpayers to ascertain which school district will be responsible for the education of its children.

A Federally–Owned reservation must be assigned to a transportation area before it may be annexed to an Independent School District.

Jet–Nash School District argues the order declaring annexation, entered by Superintendent Corr, depended solely upon the consent to the annexation of the manager of the Refuge and of the Jet–Nash Board of Education. In support of this argument, Jet–Nash cites *In re Annexation of Reno Quartermaster Depot to Independent School District No. 34, Canadian County, Oklahoma,* 180 Okl. 274, 69 P.2d 659 (1939). That case interpreted the predecessor to 70 O.S.1981, § 7–108, and did in fact hold, among other things, that the three procedural requirements detailed by Jet–Nash must be met.

That earlier statute, however, provided the procedures for annexation of federal reservations *"adjoining* an independent school district"* [emphasis added], and made no mention of transportation area. Article 7, Chapter 34, Sess. Laws 1935 (70 Okl.Stat.Ann. § 779) amending Section 7114, O.S.1931. The modern version of the statute was added by Laws 1961, p. 551, § 1, and the most significant change between the version applicable here and the one interpreted in *Reno Quartermaster* is the addition of the requirement that the reservation to be annexed must lie within the annexing district's transportation area.

It is both logical and a matter of good statutory construction to hold that when a statute is amended to include a clear and unambiguous new requirement then the legislature intended that new requirement to be given especial force and effect. It is the duty of the Court to give effect to legislative acts and not to ignore the plain words of a statute and the clear intent of the legislature. *Toxic Waste Impact Group v. Leavitt,* 755 P.2d 626, 630 (Okl. 1988).

Both Cherokee and Burlington School Districts contend in addition to the procedural requirements found in 70 O.S.1981, § 7–108, including consent to the annexa-

tion, there exists a substantive requirement which was not fulfilled. This section of the statute, which governs the annexation of certain federally-owned reservations situated within Oklahoma, provides in pertinent part:

Any federally-owned reservation ... within the State of Oklahoma shall with the consent of the United States, given by and through the ... officer having charge of such reservation, be attached to an independent school district *within the same transportation area* for school purposes by the county superintendent of schools of the county in which such reservation and independent school district are situated, upon the petition of the ... officer in charge ... and the consent of such board of education shall be filed with the county superintendent ... and said county superintendent shall thereupon order such reservation to be attached to such independent school district [emphasis added].

Therefore, the districts' contention is that this statute contains one substantive requirement and three procedural requirements. Thus, if federal land is to be annexed, it must be within the designated transportation area of the independent school district seeking the annexation. Thereafter, if this requirement is satisfied, the remaining procedural requirements must also be satisfied, namely: (1) request by the United States, (2) consent of the school district, and (3) presentation to the county superintendent so that an order may issue. Because the statute is plain and unambiguous, it should be strictly followed. *Cave Springs Public School Dist. I-30 of Adair County v. Blair,* 613 P.2d 1046 (Okl.1980).

In the instant case, there is no dispute the procedural steps were in fact followed and those requirements satisfied. However, the initial substantive requirement for implementation of the procedure was not present. The area encompassing the Refuge had not been placed within the same transportation area as the Jet-Nash School District by the State Board of Education.

The Jet-Nash District argues that by giving effect to the statutory language which requires an area to be annexed to be within the annexing district's transportation area this Court would be allowing unwarranted interference by the State Board. We disagree. This contention is not in accord with existing Oklahoma law. The Oklahoma Legislature has plenary power with respect to establishment and change of school districts, and may delegate the exercise of that power to subordinate agents under such terms as it deems to be reasonable. See e.g., *Hatfield v. Jimerson,* 365 P.2d 980 (Okl.1961), and *Indep. School Dist. No. 65 of Wagoner County v. State Board of Educ.,* 289 P.2d 379 (Okl. 1955). The legislature has chosen to delegate certain of its powers by creating the State Board of Education.

The legislature delegated to the State Board of Education the exclusive responsibility for the supervision of the transportation of pupils within the State of Oklahoma. 70 O.S.1988 Supp. § 3-104(21). Consistent with this responsibility, the legislature deemed it the express duty of the State Board of Education to "determine and fix definite boundaries of the area in which each school district shall provide transportation for each school." 70 O.S.1981, § 9-105. The legislature also designated the State Board of Education as the "agency of this State to cooperate and deal with any officer, board or authority of the United States Government under any law of the United States which may require or recommend cooperation with any state board having charge of the administration of public schools...." 70 O.S.1988 Supp. § 3-104(12). Then in § 7-108, the legislature created a method whereby certain independent school districts could annex federally-owned reservations.

All three of the above quoted statutory sections may be read together consistently and is the duty of this Court to do so, where possible. *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374 (Okl.1976); *Wade v. Brown,* 516 P.2d 526 (Okl.1973); and *R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Indep. Theatres, Inc.,* 262 F.Supp.

607 (N.D.Okl.1967), aff'd., 386 F.2d 592 (10th Cir.1967), cert. denied, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968).

The legislature designated the State Board of Education as the agency to deal with any authority of the United States on issues regarding the administration of public schools. This is accomplished with Section 7–108 by the legislature's use of the term "transportation area". Because the State Board of Education has the exclusive responsibility for the supervision of the transportation of pupils, it is only logical that § 9–105 governing boundaries of area for transportation be read in conjunction with § 7–108.

Under the foregoing considerations, we find that the matter herein should initially be determined by the State Board of Education. Only after the State Board of Education assigns the Refuge to a particular school district transportation area will the substantive provision of 70 O.S.1981, § 7–108 be satisfied. Because the material facts reveal that the State Board of Education had not so acted, the trial court did not err in granting summary relief to Cherokee and Burlington School Districts.

The district court properly declared the annexation order invalid, and is AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.