**Hector MARTINEZ, M.D., Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLA-HOMA STATE BOARD OF MEDICAL LICENSURE AND SUPERVISION, Appellee.**

**No. 79764.**

Court of Appeals of Oklahoma, Division No. 3.

April 13, 1993.

---

Charles Robert Cox, Tulsa, for appellant.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Presiding Judge:

Hector Martinez, M.D., (Doctor), seeks review of an order of State of Oklahoma, ex rel. Oklahoma State Board of Medical Licensure and Supervision (Board) denying Doctor's application for medical licensure. In this appeal, Doctor asserts Board's error in denying his application (1) Doctor having presented evidence of qualification for medical licensure by endorsement in the State of Oklahoma, (2) Board having applied Board rules which impermissibly conflict with statutory requirements for medical licensure, (3) Doctor having passed a national test with a score not in derogation of Board rules, and (4) violating Doctor's substantive due process rights.

Doctor graduated from an accredited medical school in 1981, subsequently applied for licensure in the State of New York, and Doctor took a nationally recognized medical licensing examination.[1] After at least three efforts, Doctor eventually passed all parts of the FLEX test with a satisfactory "factored" score,[2] and obtained licensure in New York. Doctor also subsequently obtained licensure in the states of Maryland and New Mexico.

Doctor then applied for licensure by endorsement in the State of Oklahoma,[3] setting forth evidence of passage of the FLEX test and his valid licenses in other states. Board's Director of Licensure denied his application, citing a Board Rule which mandates eligibility for licensure based on a "score of seventy-five percent (75%) or higher on each part of the [FLEX] examination," but specifically disallowing "the practice of 'factoring' grades, or combining

---

1. Doctor took the Federation of State Medical Board Licensing Examination (FLEX).

2. A "factored" score is one which takes into account the examinee's scores on all parts of the FLEX test, and may result in a passing score on the entire test, although the examinee may not have achieved a passing score on each of the multiple parts of the test. That is to say that an examinee may score below 75% required for passage on one part, but score above 75% on another part, and still obtain a passing score for the entire test.

3. Medical licensure by "endorsement" allows licensure in Oklahoma in recognition of medical licensure in other states.

the highest scores from parts of the examination taken in different sittings." [4] Doctor requested review before the Board *en banc,* which after hearing Doctor's argument and testimony of Doctor's character witnesses, voted to deny Doctor's application. Doctor appeals.[5]

Decisions of the Board stand reviewable under the provisions of the Oklahoma Administrative Procedures Act (OAPA),[6] and we therefore apply the standards of review mandated by OAPA directly to the Board decision.[7] Under those standards we review the administrative decision for violation of constitutional rights, excess of authority, unlawful procedures, other pure errors of law, or arbitrary administrative action.[8] On fact questions, "we [look] at the entire record to determine whether the result was supported by substantial evidence." [9]

In his first proposition, Doctor asserts Oklahoma statute permits medical licensure by three alternate avenues: passage of the medical licensure test administered in Oklahoma, passage of a nationally recognized medical licensure test administered elsewhere, or by endorsement, i.e., in recognition of a valid license issued in another state.[10] In a related argument under his

4. Rule 435:10–3–5, Rules of the Oklahoma Board of Medical Licensure and Supervision, provides:

Licensure by Examination
(a) Examination Scores. Any person seeking licensure by taking the [FLEX test] ... must compile an overall average score of seventy-five percent (75%) or higher on each part of the examination. When components are taken separately component I must be passed before component II is taken. When other retake requirements or limitations are established by this Board, both components must be passed with[in] a seven (7) year period. The practice of "factoring" grades, or combining the highest scores from parts of the examination taken in different sittings is specifically not allowed.
In this regard, Oklahoma statute contains a similar provision:
The applicant, having been admitted to the examination in those subjects required for graduation from approved medical schools and such other subjects as may be required by the Board, shall be required to attain an average grade of seventy-five percent (75%) in the fields of basic and clinical medical information and in the application of his knowledge in clinical medical situations. Should the applicant's grade fall below an average of seventy-five percent (75%) on all examinations, reexamination in all or part of the examination shall be required....
59 O.S.1991 § 494.

5. 59 O.S. § 513 (Board given "quasi-judicial powers ... for purpose of ... suspending the license of physicians and surgeons of this state, and appeals from its decisions shall be taken to the Supreme Court of this state.")

6. *State v. Bridwell,* 592 P.2d 520 (Okl.1979); 75 O.S.1991 §§ 250 et seq.

7. *Seely v. Oklahoma Horse Racing Commission,* 743 P.2d 685 (Okl.App.1987); 75 O.S. § 322.

8. 75 O.S. § 322(1)(a–d, f).

9. *DiMauro v. Oklahoma State Board of Medical Examiners,* 769 P.2d 759, 762 (Okl.1989); 75 O.S. § 322(1)(e).

10. Section 493 of Title 59, Oklahoma Statutes (1991), provides in pertinent part:
(a) An applicant, to be eligible for licensure to practice medicine and surgery in the State of Oklahoma, must present satisfactory evidence of identification; that he is of good moral character and is not addicted to habitual intemperance or the use of habit-forming drugs; that he has not been convicted of a felony or a crime involving moral turpitude; that he has never been guilty of unprofessional conduct ...; that his medical license has never been revoked within any other state for cause, and that he is not suffering with a serious communicable disease; and that he has paid the fee in the amount set by rules of [Board]....
It is further provided that the applicant must: (a) submit satisfactory evidence that he is a graduate of a legally chartered medical college or university, the requirements of which for graduation, ..., in no particular less than those prescribed by the ... Association of American Medical Colleges and the ... American Medical Association; or (b) submit satisfactory evidence that he has passed such examinations to determine his educational qualifications to take the regular examination for licensure to practice medicine and surgery.

Applicants may become eligible to apply for a license by: (1) passing the licensing examination(s) administered by the State of Oklahoma, or (2) endorsement of a medical license held in a state of the United States, the District of Columbia, any territory of the United States, Canada, Great Britain, or (3) passing the examination of the National Board of Medical Examiners.

second proposition of error, Doctor argues that the Board Rule prohibiting "factored" scores impermissibly conflicts with the Oklahoma statute on point,[11] both the statute and another Board rule clearly recognizing licensure by endorsement as an alternative to licensure by examination.[12] In his third proposition, Doctor asserts presentation of evidence of his passage of the FLEX examination (on subsequent retesting after initially receiving substandard scores on one or more parts) without "factoring." Thus, says Doctor, because he applied for Oklahoma licensure by endorsement, not by examination, his passing score on the FLEX tests taken in New York, with or without "factoring," is of no consequence, and the Board not only erred as a matter of law, but also acted arbitrarily and in disregard of the evidence in denying his application for licensure.

■ We disagree with Doctor in all three particulars. Both Oklahoma statute and Board rules couch eligibility for medical licensure on education and testing of no less rigor than that required by Oklahoma law, notwithstanding an applicant's admission in another state.[13] In the present case, Doctor's FLEX test scores duly transmitted to the Board clearly reflect a "factored" passing score, contrary to the explicit rules of the Board, and arguably con-

trary to statute mandating passage of *all* parts of the FLEX test without "factoring."[14] We consequently discern no impermissible conflict between the relevant statutes and the Board rules as alleged.

Moreover, the Board is granted broad police power to supervise the practice of medicine in this state, including the power to promulgate rules governing the admission to practice, and requiring the exercise of considerable discretion to which we ordinarily defer.[15] Considering our previous recognition of less rigorous scoring of Doctor's FLEX test(s), we cannot say the Board abused its discretion or acted arbitrarily in denying Doctor's application for licensure by endorsement.

■ In his last proposition, Doctor alleges violation of his substantive due process rights by denial of his application for licensure by endorsement. On review of such constitutional questions, we must determine:

[W]hether the classification which forms the basis for the differentiation is neither arbitrary nor capricious, and bears a reasonable relation to the object to be accomplished.

*Texas Oklahoma Exp. v. Sorenson*, 652 P.2d 285, 289–290 (Okl.1982).

---

Applicants may become eligible to apply for licensure by achieving a score of seventy-five percent (75%) or higher on every examination offered by the Board and administered in the State of Oklahoma.

An applicant may become eligible to apply for licensure by endorsement by presenting evidence of achieving a grade of seventy-five percent (75%) on a examination prepared by the National Board of Medical Examiners or such other examination approved by the Board but not administered in the State of Oklahoma or the holding of a license in another state, District of Columbia, any territory of the United States, Canada, or Great Britain, when such reports are properly transmitted to the Board and verified.

**11.** 59 O.S. § 493(a).

**12.** Rule 435:10–3–4 provides:
Licensure by Endorsement
(a) Reciprocity. Oklahoma does not have a direct reciprocal agreement with any State, except as authorized by 59 O.S.Supp.1983, Section 493(a), or any successor statute.

(b) Basis of licensure. The Board may license applicants holding medical licenses in other states, the District of Columbia, territories of the United States, Canada or England, or scores endorsed by the National Board of Medical Examiners, or another state or jurisdiction, when such records are properly transmitted to this Board; provided, that the legal requirements of the endorsing medical board shall have been, at the time of issuing such license, of no less degree in any particular than the requirements of this Board at the time when said license was issued....

**13.** 59 O.S. § 493(a); Rules 435:10–3–4, 5.

**14.** Because 59 O.S. § 494 requires passage of *all* parts of an examination with a score of seventy-five percent (75%), and retesting "in all or part of the examination" if the applicant's "grade fall[s] below ... seventy-five percent (75%) on all examinations," it appears, in our opinion, that § 494 arguably disallows "factoring" as does the Board Rule.

**15.** *DiMauro*, 769 P.2d at 761, 762–63.

Thus, considering our Supreme Court's previous recognition of (1) State's interest in the regulation of the medical profession "in the interest of the protection of its citizens," (2) Board's "constitutionally authorized ... police powers" "to review the qualifications of persons entering the medical profession in Oklahoma," and (3) the Court's rejection of equal protection attacks on Board's powers under the same analysis applied to due process claims,[16] we find no violation of Doctor's due process rights as alleged in the present case.

The order of Board denying Doctor's application for licensure by endorsement is therefore AFFIRMED.

HANSEN, C.J., and HUNTER, J. concur.

**16.** *DiMauro,* 769 P.2d at 761, 762–63; *Texas Oklahoma Exp.,* 652 P.2d at 289–290 ("In testing the validity of a state statute which differentiates in its treatment of one group of individuals compared with its treatment of another group as against the constitutional prohibition against taking property without due process of law, against denial of equal protection of the laws, and against the enactment of special as distinguished from general laws, a common test is applied").