James R. McDONALD, Petitioner,

v.

ROGERS GALVANIZING, Respondent,

Own Risk, Insurance Carrier.

No. 85563.

Court of Appeals of Oklahoma,
Division No. 4.

March 19, 1996.

Wilson Jones, Susan H. Jones, Wilson Jones P.C., Tulsa, for Petitioner.

Michael D. Gilliard, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for Respondent.

## SUMMARY OPINION

RAPP, Chief Judge.

Petitioner, James R. McDonald, appeals the trial court's order determining he suffered a five percent binaural hearing loss with no permanent partial disability as a result of his employment.

McDonald worked as a material handler and galvanizer for respondent, Rogers Galvanizing, for over four years. He filed his Form 3, claiming exposure to loud noises with resulting injury to his ears.

The trial court found McDonald sustained a five percent binaural hearing loss arising out of and in the course of employment due to continued exposure to loud noise over a prolonged period. It awarded him compensation for 15 weeks at $185 per week, of which all 15 weeks had accrued, for a total lump sum award of $2,775. It also found McDonald sustained no permanent partial disability due to tinnitus. McDonald appeals.[1]

We first address Rogers' motion to dismiss. Rogers asserts that, having accepted the benefit of the judgment, McDonald has waived his right to appeal. However, an exception to that general principle applies where an appellant can obtain a more favorable judgment without the risk of a less favorable one. See Teel v. Public Serv. Co. of Okla., 767 P.2d 391 (Okla.1985) (superseded by statute on other grounds); United Engines, Inc. v. McConnell Constr., Inc., 641 P.2d 1101 (Okla.1980). It is not disputed on appeal that McDonald is entitled to the awarded sum of $2,775. Instead, he contends an additional amount should be awarded for his asserted uncompensated tinnitus loss, including an award for permanent partial disability, which the trial court denied. Therefore, McDonald's actions are not inconsistent with his position on appeal and, accordingly, Rogers' motion to dismiss is denied.

McDonald asserts two allegations of error: (1) the trial court's exclusive use of the AMA Guides was arbitrary and violative of his constitutional equal protection guarantees; and (2) the trial court's finding of no permanent partial disability was not supported by any competent evidence.

McDonald's first alleged error asserts the trial court's judgment violated equal protection guarantees. His objection, however, really is addressed to the Guides themselves. The trial court specifically stated it reached its decision by exclusively following the Guides, as, indeed, it is required to do so by statute. See 85 O.S.Supp.1995, § 22(3). McDonald asserts the Guides' exclusion of hearing loss measurement above the 3000 Hz range discriminates against persons with high-range hearing loss as opposed to low-range loss, and as opposed to all those with other body part injuries.

However, this argument must fail because, first, he wholly fails to cite any authority in support of his allegation. A plausible but not convincing argument in a brief unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the judgment of the trial court. Keel v. MFA Mut. Ins. Co., 553 P.2d 160, 161 (Okla.1976). Second, he has utterly failed, or even attempted, to show under the 14th Amendment to the U.S. Constitution or pertinent provisions of the Oklahoma Constitution that his equal protection rights have been violated by use of the Guides, or that the classification at issue is arbitrary or capricious, or fails to bear a reasonable relationship to the object to be accomplished. See Texas Okla. Express v. Sorenson, 652 P.2d 285, 289–90 (Okla.1982). The burden of demonstrating the invalidity of the classification rests squarely on the party who assails it. Id. at 291. Moreover, claimant forgets that the Oklahoma Legislature has established the statutory scheme under which the Workers' Compensation Act will be governed and that the courts of this state do not make the law. The courts use and follow the law set forth by the legislature.

McDonald's second allegation of error asserts a lack of competent evidence to support the trial court's decision. However, record review reveals the existence of compe-

1. McDonald's motion for oral argument is denied, as we find the issues adequately briefed.

tent evidence, in the form of Dr. Richmond Brownson's examination and deposition testimony. Where any competent evidence exists to support the trial court's judgment, we must affirm. *Parks v. Norman Mun. Hosp.*, 684 P.2d 548 (Okla.1984). Though McDonald asserts Dr. Brownson "failed to conduct a proper listing instead employing a 'passive history' approach," the record does not reveal McDonald made an objection on this ground to the trial court. By failing to call any omission to the trial court's attention, his right to question the sufficiency of the findings was therefore waived. *Barber v. Flynn*, 628 P.2d 1151, 1153 (Okla.1980).

■ Having found competent evidence to support the judgment of the trial court, we must affirm.

TAYLOR, P.J., and REIF, J., concur.