ALLSTATE INSURANCE COMPANY, Petitioner,

v.

John AMICK, Respondent,

Donald G. & Sherry L. Phillips, Real Parties in interest.

No. 61459.

Supreme Court of Oklahoma.

April 17, 1984.

---

Jim T. Priest, Oklahoma City, for petitioner; McKinney, Stringer & Webster, Oklahoma City, of counsel.

Michael Ray Dayton, Del City, for real parties in interest.

SIMMS, Vice Chief Justice:

Petitioner, Allstate, defendant below, requests this Court to assume original jurisdiction and prohibit the trial court from further proceeding in a *Christian* type action predicated upon the theory that Allstate failed to negotiate, fairly and in good faith, a settlement with the third-party plaintiff on behalf of Allstate's insured.

We assume original jurisdiction for the purpose of clarifying certain language in *Timmons v. Royal Globe Ins. Co.*, Okl., 653 P.2d 907 (1982) and GRANT PROHIBITION.

Plaintiffs below, Donald and Sherry Phillips, brought an action to recover compensatory and punitive damages from Allstate Insurance Company for Allstate's alleged failure to negotiate and settle plaintiffs' claim against Allstate's insured, fairly and in good faith.

Such an action against an insurance company by its *insured* is of course allowed in this jurisdiction. In *Christian v. American Home Insurance*, Okl., 577 P.2d 899 (1977), this Court recognized the implied duty of good faith and fair dealing between an insurer and its insured and held the violation of that duty gives rise to an action in tort for which consequential and, in a proper case, punitive damages may be sought.

The Phillips' are not Allstate's insureds, however. They are simply third parties who were in an automobile accident involving an insured of Allstate, Mark McCoy. The Phillips' brought an earlier action for damages against McCoy and Allstate. In that suit Allstate's demurrer was sustained based in improper joinder, a settlement between the Phillips' and McCoy was agreed to and the action was dismissed. They then brought this action for "bad faith" negotiations.

The Phillips' contend that the principles of *Christian* apply to them even though they are not insureds of Allstate.

Allstate asserts that the *Christian* cause of action is absolutely dependent on the contractual relationship giving rise to a fi-

duciary duty of good faith and that this principle cannot be "extended" to include strangers to the insurance contract. Allstate contends that any future action by the trial court which overruled its motion for summary judgment, would be an unlawful exercise of judicial power since there is no such cause of action.

Allstate brings this original action seeking relief from the trial court's order to produce and surrender its entire claim file regarding this accident for inspection by the Phillips'. Allstate argues that it will be required to go to substantial expense and spend a great deal of time in discovery, defending an action which is not cognizable. Allstate argues that the production order is therefore clearly an excessive exercise of, and an abuse of, the trial court's discretion, relying on decisions such as *Cox v. Theus*, Okl., 569 P.2d 447 (1977).

Plaintiffs argue that not only can the "bad faith" *Christian* cause of action be extended to apply to them, but that such an extension has already been accepted by this Court. They rely on selected language from *Timmons v. Royal Globe Ins. Co.,* supra, to support their position that this Court has recognized a duty of the insurer to deal fairly and in good faith with third parties. *Timmons* involved insurer's failure to deal in good faith with its insured rather than a third party, but plaintiffs contend it nonetheless supports their position.

They rely particularly on the following passage:

"Thus there is but one duty to deal fairly and in good faith, which is owed by the insurer to both the insured and third parties." At 911.

These words, standing alone, might be taken to support plaintiffs' position, but when read in context they do not. The Court was speaking, albeit admittedly loosely, of but two aspects of one duty—to deal fairly with the insured. These two aspects had been discussed at length in this quotation from *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510

P.2d 1032 (1973), immediately preceding the disputed passage:

"Thus in *Comunale [v. Traders & General Ins. Co.,* 50 Cal.2d 654, 328 P.2d 198] and *Crisci [v. Security Ins. Co.,* 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173] we made it clear that '[l]iability is imposed [on the insurer] not for a bad faith breach of contract but for failure to meet the duty to accept reasonable settlements, a duty included within the implied covenant of good faith and fair dealing.' In those two cases, we considered the duty of the insurer to act in good faith and fairly in handling the claims of third persons against the insured, described as a 'duty to accept reasonable settlements', in the case before us we consider the duty of an insurer to act in good faith and fairly in handling the claim of an insured, namely a duty not to withhold unreasonably payments due under a policy. *These are merely two different aspects of the same duty....* It is the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities ..."

Prior to *Christian,* we had recognized insurer's duty to act in good faith and deal fairly with its insured only as far as handling claims by third parties against the insured. We recognized a duty to accept reasonable settlements and act in good faith toward the insured, and for the breach of this duty we imposed liability in excess of policy limits. *American Fidelity and Casualty Co. v. L.C. Jones Trucking Co.,* Okl., 321 P.2d 685 (1958); *National Mutual Casualty Co. v. Britt,* 203 Okl. 175, 200 P.2d 407 (1948).

In *Christian,* this recognized duty of dealing fairly and acting in good faith with the insured was simply applied to claims of the insured itself.

This single duty of dealing fairly and in good faith with the insured arises from the contractual relationship. In the absence of a contractual or statutory relationship, there is no duty which can be breached.

■ Plaintiffs have no relationship with Allstate. They are strangers to the insurance contract between Allstate and McCoy, and Allstate had no duty of dealing fairly and in good faith toward them.

■ We therefore conclude the trial court exercised unauthorized judicial power in issuing the order of discovery. *Carman v. Fischel*, Okl., 418 P.2d 963 (1966).

ORIGINAL JURISDICTION ASSUMED. WRIT OF PROHIBITION ISSUE.

HODGES, LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

BARNES, C.J., and KAUGER, J., disqualified.