Lewis E. WALKER, Appellant,

v.

CHOUTEAU LIME CO., INC., and Granville B. Head, Defendants,

and

Shelter Insurance Company, d/b/a Shelter Mutual Insurance Company and Shelter General Insurance Company, Appellee.

No. 73608.

Supreme Court of Oklahoma.

March 30, 1993.

As Corrected April 16, 1993.

---

W.C. Sellers, Jr., Sapulpa, for appellant.

Walter D. Haskins, Marthanda J. Beckworth, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, for appellee.

Mike Masterson, President, Wilburn, Masterson & Smiling, for amicus curiae, Oklahoma Ass'n of Defense Counsel.

David D. Wilson, Oklahoma City, and Ellis J. Horvitz, David S. Ettinger, Horvitz & Levy, for amicus curiae, Alliance of American Insurers, Nat. Ass'n of Independent Insurers, and State Farm Mut. Auto. Ins. Co.

LAVENDER, Vice Chief Justice.

The question presented is whether there is a private cause of action against an insurer who violates provisions of the Unfair Claim Settlement Practices Act, 36 O.S. 1991 & Supp.1992 §§ 1221–1228 (Act). We hold the Act does not provide for a private right of action.

Lewis E. Walker sued Granville B. Head for negligence arising out of an auto accident. Head's insurance company was sued for violations under the Act. The trial court dismissed the claim against the insurer, finding no private action under the Act. Walker appealed that dismissal. The court of appeals reversed finding the Act *impliedly* created a private right of action. We previously granted certiorari.

## ANALYSIS

In *Holbert v. Echeverria,* [1] this court adopted a three-prong test for determining if a state regulatory statute implies a private right of action. First, the plaintiff must belong to that class for whose 'especial' benefit the statute was enacted and the class must be narrower than the 'public at large'. In making such a determination, the test's application should be given a narrow construction.

Second, the statute must either explicitly or implicitly give some indication the legislature intended to create a private remedy rather, than to deny one. Intent may be ascertained by scrutinizing the text for any implicit indication of the legislature to create or deny a remedy. Likewise, we should consider the precise wording of the Act in discerning legislative intent.

1. 744 P.2d 960 (Okla.1987).

Finally, the private remedy must not be inconsistent with the underlying purposes of the legislative scheme. Based on this foregoing analysis, we find no private right of action exists under the Act.

The Act does not serve to benefit any special class, indeed from its face, it appears to benefit the public at large. Considering the plain meaning of the statutory language, we find it neither specifically nor otherwise gives any indication the legislature intended to allow a private remedy.

Lastly, we do not find a private remedy consistent with the general scheme of the Act. The purpose of the Act is to prevent unfair business practices. To accomplish this, the legislature gave the Insurance Commissioner the power to regulate through its "cease and desist" orders and power to revoked or suspend an insurance industry's license to do business.

## CONCLUSION

In light of our analysis, we hold the Act does not provide a private remedy under the Act. If the legislature intended to provide for a private right of action, we have no doubt the legislature knew how to do so. And to create such a right is up to the legislature, not this court. The court of appeals' opinion is vacated. The trial court's ruling, dismissing the action, is affirmed.

HODGES, C.J., and SIMMS, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., concurs in result.

KAUGER, J., recused.