Gina M. GIANFILLIPPO, Appellant,

v.

**NORTHLAND CASUALTY COMPANY, a Minnesota Corporation; Northland Insurance Company, a Minnesota Corporation, and Northfield Insurance Company, a Delaware Corporation, Appellees.**

No. 71032.

Supreme Court of Oklahoma.

Oct. 5, 1993.

James M. Levine, Oklahoma City, for appellant.

McKinney, Stringer & Webster, P.C. by Jim T. Priest, Oklahoma City, for appellees.

HODGES, Chief Justice.

This case presents three issues: 1) Does the Unfair Claim Settlement Practices Act provide a private right of action? 2) Does an insurer's duty to act in good faith and deal fairly with its insured extend to an insured's passenger who asserts a claim under the insured's liability policy? 3) Were fraud claims against the insurer pled with the requisite particularity? These questions are answered in the negative.

Gina Gianfillippo was a passenger injured in a car owned by D & W Sales and driven by Jeffrey Walker. The liability policy covering the car was issued to "AL WALKER DBA D & W SALES CO." Al Walker is Jeffrey's father.

The Walker car drove into the back of another car driven by Woody. Gianfillippo sued Walker and Woody alleging negligent driving. She later added claims against Walker's insurer for violation of the Unfair Claim Settlement Practices Act, Okla.Stat. tit. 36, §§ 1221–1228 (1991), for bad faith, and for fraud. The trial court dismissed her claims against the insurer. The Court of Appeals upheld the dismissal as to her claim to a private right of action under the Act. However, it also reversed holding that she did have standing to bring a bad faith action and that she had pled fraud

with particularity. At the request of both Gianfillippo and the insurer, this Court granted certiorari review.

## I.

■ The first issue was resolved by this Court's recent pronouncement in *Walker v. Chouteau Lime Co.*, 849 P.2d 1085 (Okla. 1993). *Walker* held that the Unfair Claim Settlement Practices Act provides no private right of action. That holding applies to this case. No private right of action was available to Gianfillippo. The trial court and the Court of Appeals were correct in so holding.

## II.

■ The second issue is whether a passenger who is covered under the driver's motor vehicle liability policy may bring a bad faith action against the insurer. A similar issue was recently addressed in the context of uninsured motorist coverage in *Townsend v. State Farm Mutual Automobile Insurance Co.*, 860 P.2d 236 (Okla. 1993).

*Townsend* held that a "class 2 insured" passenger covered by an uninsured motorist policy could bring a bad faith action. *Id.*, at 238. That holding was based on the statutory relationship between the injured passenger and the insurer resulting from the uninsured motorist statute. *Id. See* Okla.Stat. tit. 36, § 3636 (1991). Gianfillippo was covered under a *liability* policy because she occupied an insured vehicle. She did not enjoy the statutory relationship that Townsend enjoyed.

Gianfillippo sought compensation for injuries she alleged were caused by Walker's negligence. She did not seek uninsured motorist benefits as none were available under the policy. Thus, her standing to bring a bad faith claim would have to come from the contract of insurance.

The insurer urges that there is no contractual relationship and that Gianfillippo is merely a third-party claimant citing *Allstate Insurance Co. v. Amick*, 680 P.2d 362 (Okla.1984). In *Amick*, passengers injured in one car brought a bad faith action against the insurer of the driver of the other car involved in the collision. This Court held that the passengers were strangers to the contract of insurance between the driver of the other car and that driver's insurer. *Amick* explained that an insurer's "duty of dealing fairly and in good faith with the insured arises from the contractual relationship. In the absence of a contractual or statutory relationship, there is no duty which can be breached." *Id.*, at 364.

Gianfillippo's relationship to the insurer in this matter is very much like that of the passengers in *Amick*. The only difference is that Gianfillippo was a passenger in the *same* car with the driver whose insurer was being sued. Nevertheless, she argues that she is a third-party beneficiary of the insurance contract between Walker and his insurer. However, she fails to explain why she is entitled to third-party beneficiary status when the passengers in *Amick* were not.

Third-party beneficiary status was found in *Roach v. Atlas Insurance Co.*, 769 P.2d 158 (Okla.1989). There, the named beneficiary in a life insurance policy was allowed to pursue a bad faith claim against the insured. But Walker's insurance policy was not made for the express benefit of Gianfillippo. The policy was intended for the protection of the insured. It benefitted Gianfillippo only incidentally. Gianfillippo was merely a third-party claimant who lacked standing to bring a bad faith claim.

## III.

■ The final issue is whether Gianfillippo's allegations of fraud against the insurer were pled with the requisite particularity. Section 2009(B) of title 12 of the Oklahoma Statutes requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This requirement was carried from the common law into Rule 9(b) of the Federal Rules of Civil Procedure. In section 2009(B), Oklahoma adopted the federal rule verbatim. *Gay v. Akin*, 766 P.2d 985, 990 (Okla.1988). It

"requires specification of the *time, place and content* of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Id.* at 993 (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980)) (emphasis added).

Gianfillippo alleged the insurer committed fraud:

A. By asserting and maintaining a spurious defense....

B. By a taking of property, amounting to larceny, of certain evidence in the instant matter which did not belong to these defendants, or any of them, and secreted the aforesaid evidence from all parties adverse to these Defendants, and each of them.

C. By attempting through the assertion of a spurious defense to limit the Plaintiff's recovery for substantial, serious and permanent injuries to the sum of Ten Thousand Dollars ($10,000.00), as opposed to the sum of Three Hundred Thousand Dollars ($300,000.00) in liability limits which were written by the Defendants, and each of them, and further by issuance of a policy of insurance bearing such limits, by a company not licensed to do business in the State of Oklahoma, and upon which Plaintiff had a right to rely.

D. That all of the aforesaid fraudulent acts, with the exception of the issuance of the policy of insurance in a company not licensed to do business in the State of Oklahoma, took place after the Defendants' own expert had informed them, and each of them, that the tail-light bulbs in question were on at the time of impact.

These allegations fail to specify the time, place, and content of the alleged false representations. Thus, they fail the specificity requirement of section 2009(B). The trial court was correct in dismissing Gianfillippo's claims of fraud.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.