Jim McWHIRTER and Lisa McWhirter, husband and wife, JMV Designs, Inc., an Oklahoma Corporation, Appellants,

Employers Mutual Casualty Company, Intervening Plaintiff,

v.

FIRE INSURANCE EXCHANGE, INC., d/b/a Farmers Insurance Group of Companies, a foreign corporation, Appellee,

Johnny Craig and Pamela Craig, husband and wife, Brad Craig, a minor, by and through his parents, William McElvany and Jennifer McElvany, Jeremy McElvany, a minor, by and through his parents, Defendants.

No. 75011.

Supreme Court of Oklahoma.

July 19, 1994.

Bill J. Bruce, Deborah J. Bruce, Oklahoma City, for appellants.

John R. Hargrave, Brian Husted, Randy D. Witzke, Edmonds, Cole, Hargrave Givens & Witzke, P.C., Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

We are asked to determine whether Appellants have stated a claim upon which relief can be granted against Farmers Insurance Group of Companies under the Unfair Claims Settlement Practices Act (UCSPA), 36 O.S. 1981 § 1221, et seq. and the Claims Resolution Act, 36 O.S.1981 § 1251, et seq., as well as under contract and tort theories. In accordance with *Allstate Ins. Co. v. Amick*,[3] and *Walker v. Chouteau Lime Co., Inc.*,[4] the trial court's order of dismissal is affirmed.

## FACTS AND PROCEDURAL HISTORY

A fire set by Defendant minors Craig and McElvany traversed a field and damaged Jim and Lisa McWhirter's (McWhirters) business and personal property. Craig's insurer, Farmers Insurance (Farmers), contacted the McWhirters and later offered to settle with them for $62,500 for the fire loss. Farmers' agent made the offer by phone to Jim McWhirter (McWhirter). McWhirter claims to have accepted. The agent purportedly stated Farmers would deliver the payment in 7 to 10 days. Upon not receiving payment McWhirter contacted Farmers and learned Farmers' offer had been based on McElvany's insurer, State Farm, paying half. Farmers informed McWhirter that since State Farm would not pay, Farmers would only pay McWhirter $25,000 in settlement to which McWhirter refused. Farmers sent the McWhirters a $1125 check for vehicle fire loss. The check contained release language.[5] On the advice of the McWhirters' insurer, Employers Mutual Casualty Co., the McWhirters did not cash the check. Farmers then by letter stated they did not intend to stand on the release language.

The McWhirters brought suit against Defendants, Farmers, and State Farm. State Farm's motion to dismiss it from the suit was sustained by the trial court. The McWhirters advanced several theories of liability against Farmers including breach of contract, tortious breach of contract, misrepresentation, negligence, intentional infliction of emotional distress, and violation of the Unfair Claim Settlement Practices Act, Claims Resolution Act, and Deceptive Trade Practices Act.

The trial court sustained Farmers' motion for dismissal for failure to state a claim upon which relief can be granted. The McWhirters appealed. The appeal was retained pending our decision in *Walker v. Chouteau Lime Co., Inc.*[6] as to whether there was a private cause of action under the Unfair Claim Settlement Practices Act.

### ANALYSIS

#### A.

In *Walker*, where an automobile accident victim brought action against defendant's insurer for violations of the UCSPA, we held there is no private cause of action against an insurer who violates provisions of

---

**3.** 680 P.2d 362 (Okla.1984).

**4.** 849 P.2d 1085 (Okla.1993).

**5.** The McWhirters cite this act as a violation by Farmers of the Claims Resolution Act, 36 O.S. 1981 § 1254(5) and (6). The language of the current statute remains the same.

**6.** *Walker,* 849 P.2d 1085.

the Act and that the Act benefits the public at large, not any special class.[7] We found no language in the Act to indicate legislative intent for a private cause of action. Likewise, based on the reasoning of *Walker,* we find that the Claims Resolution Act is an administrative instrument of the State Insurance Commissioner to conduct hearings and assess penalties for insurer violations and does not provide for a private cause of action.[8] The McWhirters have no private cause of action against Farmers under the Acts.

## B.

■ In *Allstate Ins. Co. v. Amick*[9] we held the injured third party could not maintain an action against the tortfeasor's insurer for bad faith negotiations and for failure to settle claims fairly and in good faith.[10] We said that such an action by an insured against its insurer is allowed because of the implied duty of good faith and fair dealing recognized in that relationship.[11] *The duty arises from the contractual relationship between the insurer and the insured. Third parties are strangers to the contract.[12] Absent a contractual or statutory relationship, there is no duty.[13]*

In the instant case the McWhirters' theories of tortious breach of contract, misrepresentation, negligence and intentional infliction of emotional distress are claims emanating from a claim of bad faith dealings that would not have arisen *but for the existence of the insurance contract with the Defendants.*

The McWhirters however, attempt to create a contractual or tort basis out of the facts of the settlement negotiations on which to support their claims. This argument has no merit.

In *Amick* we stated that "[i]n the absence of a contractual or statutory relationship, there is no duty which can be breached." The McWhirters, lifting this one sentence out of *Amick,* attempt to show that *Amick* indeed foreshadowed just such a case where settlement negotiations between an insurance company and a third party could give rise to a contractual basis that would require a duty of good faith and fair dealing to a third party. However, in *Amick,* all we were recounting was that principal of law wherein we noted that because there is no "contractual or statutory basis between a third party and insurer, no duty exists that could give rise to such a claim."

Therefore, even if we assume Farmers acted in bad faith in refusing to negotiate or to effect a settlement of its insured's liability to McWhirters, there is no cause of action in favor of McWhirters. This appears to be the consensus in the majority of jurisdictions.[14] In *O.K. Lumber Co., Inc. v. Providence Washington Ins. Co.,*[15] the court held that a third party claimant may not sue an insurer for breach of duty of good faith and fair dealing because the duty is a product of a fiduciary relationship created by the contract between insurer and insured. The court declined to recognize a tort duty of good faith and fair dealing *independent of the contrac-*

**7.** *Id.* at 1086–87.

**8.** We also find the McWhirters' claim based on the Deceptive Trade Practices Act, 78 O.S.1981 § 51 et seq., is without merit.

**9.** 680 P.2d 362 (Okla.1984).

**10.** *Id.* at 363.

**11.** *Id.*

**12.** *Id.* at 364–65.

**13.** *Id.* at 364. *See also Gianfillippo v. Northland Cas. Co.,* 861 P.2d 308 (Okla.1993) (Injured auto passenger who is covered under driver's insurance policy may not bring bad faith action against insurer, because third party was covered under liability policy and occupied insured vehicle.); *cf. Townsend v. State Farm Mut. Automobile Inc. Co.,* 860 P.2d 236, 238 (Okla.1993), where we held a "class 2 insured" passenger covered by insured's uninsured motorist policy could bring a bad faith action against insurer because of his "class 2 status" and because of the statutory relationship between the injured and the insurer resulting from the uninsured motorist statute.

**14.** "As one well-known commentator on insurance law noted, faith is owed to the insured and not to a third party." 14 G. Couch, Couch on Insurance § 51:136 (rev.2d 1982) quoted in *Pixton v. State Farm Mut. Auto. Ins. Co.,* 809 P.2d 746, 750 (Utah App.1991).

**15.** 759 P.2d 523 (Alaska 1988).

*tual relationship of the insurer and the insured.* Likewise, in *Bates v. Allied Mut. Ins. Co.,*[16] the court found that the duty of good faith *arises out of the insurance contract and runs from the insurer to the insured* and that the insurer has a fiduciary relationship with its insured and *has an adversarial relationship with third party claimant.* A Texas court held in *Bowman v. Charter General Agency, Inc.,*[17] that Texas has not extended the insurer's duty of good faith and fair dealing to provide a remedy to a third party outside the workers' compensation area. The court in *Pixton v. State Farm,*[18] found that the insurer has no duty to deal fairly and in good faith with injured third party who has made claim against insurance company. Finally, the court in *Herrig v. Herrig,*[19] stated that a third party has no direct cause of action against an insurer for bad faith, either in contract or tort. This is true even if the insurer *voluntarily initiates prelitigation negotiations with the injured third party tort claimant* since prior to the establishment of legal liability against the insured tortfeasor, the tort claimant has no legal right to require the tortfeasor to negotiate or settle, and the claimant likewise lacks the right to require such action by the tortfeasor's representative.

We recognize one state court which has determined an insurance carrier is no less liable under the law for breach of its own contract obligations or tortious conduct than any other party where the insurer undertakes a new and independent obligation directly with a nonparty to the insurance contract in its efforts to negotiate a settlement of the party's claim.[20] However, the court did not explain where this *new and independent obligation* arises from. And, *but for* the insurance contract, there would be no reason for the insurance company to deal with the third party at all. We find the case unpersuasive and decline to apply its holding to our case.

Inasmuch as we recognize *no duty* for an insurance company to deal fairly and in good faith with an injured third party, there can be no bad faith claim arising from negotiations of settlement between the two and any evidence to that effect is simply irrelevant. Recourse for a third party claimant to recover his damages is against the tortfeasor/insured.

## CONCLUSION

For the reasons stated the Trial Court's order to dismiss is **AFFIRMED.**

HODGES, C.J., and SIMMS, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

ALMA WILSON, J., concurs in part, dissents in part.

HARGRAVE, J., disqualified.

---

**16.** 467 N.W.2d 255 (Iowa 1991).

**17.** 799 S.W.2d 377 (Tex.App.1990). The facts in this case are similar to our case in that the insurer in *Bowman* refused to settle with the third party for all of that party's claimed loss after the claimant apparently assumed the insurer would pay all of her loss. The insurer was held not liable for bad faith.

**18.** 809 P.2d 746 (Utah App.1991).

**19.** 844 P.2d 487 (Wyo.1992).

**20.** *Howton v. State Farm Mut. Auto. Ins. Co.,* 507 So.2d 448, 450–51 (Ala.1987).