1998 OK 95

Stanley M. HOAR and Vicki
S. Hoar, Plaintiffs,

v.

AETNA CASUALTY AND SURETY
COMPANY, a Connecticut
Corporation, Defendant.

No. 88,298.

Supreme Court of Oklahoma.

Oct. 6, 1998.

Bradley A. Gungoll, Julia C. Rieman, David M. Collins, Gungoll, Jackson, Collins & Box, P.C., Enid, Oklahoma, for Plaintiffs.

Jo Anne Deaton, Michael F. Smith, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Defendant Aetna.

SUMMERS, V.C.J.

¶1 Pursuant to 20 O.S.1991 §§ 1601 et seq. the Honorable Michael Burrage, Judge of the United States District Court for the Eastern District, has certified four questions to this Court:

1. Whether an injured member of the public may bring an action to recover directly against a public liability insurer as a statutory third party beneficiary under the Oklahoma Competitive Bidding Act?

2. Whether one who issues a public liability policy under the Oklahoma Competitive Bidding Act is estopped under Oklahoma law from denying coverage as specified under the Standard Specifications for Highway Construction?

3. Whether an injured member of the public may seek reformation of a public liability insurance contract to include coverage of a subcontractor who injured that person?

4. Whether an injured member of the public may bring an action for bad faith on a public liability insurance contract?

¶2 We answer questions one, three, and four in the negative. We do not directly answer question two because the outcome turns on a matter of law rather than estoppel; the result is the same as if the insurer were estopped.

¶3 The facts are stipulated. On October 8, 1992, Stanley Hoar was injured in an automobile collision with a vehicle operated by Charles Carpenter. Carpenter was a subcontractor hauling gravel for J.H. Shears' Sons, Inc. in furtherance of a state highway contract to Shears. Shears' state contract with the Oklahoma Department of Transportation was awarded pursuant to the Oklahoma Competitive Bidding Act, 61 O.S.1991 § 101 et seq. and 69 O.S.1991 § 1101. The highway contract was subject to the laws of the Oklahoma, and it incorporated the provisions of the 1988 Standard Specifications for Highway Construction, Oklahoma Department of Transportation. Upon receiving the contract Shears was required to maintain public liability insurance during construction in a reasonable amount as determined by the Department of Transportation. See 61 O.S. 1991 § 113(B)(4). According to DOT regulations Shears' required amount was $1,000,-000.00, and the coverage was to extend to all persons other than Shears if the work was sublet or assigned to someone other than a Shears employee.

¶4 Aetna Casualty and Surety Company contracted with Shears to provide this required coverage. A certificate of insurance was issued to the Department of Transportation to show the existence of the state-mandated coverage.

¶5 After being injured in the collision Hoar brought suit against Shears and Carpenter. Shears gave notice to Aetna, and a demand was made for Aetna to defend the action and afford coverage. Aetna denied

coverage, claiming that Carpenter was not an "insured" under the terms of the public liability insurance policy furnished to Shears.

¶ 6 Judgment was entered against Carpenter after state court litigation in the amount of $1,750,000.00. There remains due and owing on this judgment $1,250,000.00 and interest. Aetna continues to deny coverage and denies liability for the judgment.

¶ 7 Hoar and his spouse commenced the federal court action claiming that Aetna should pay its policy limits of $1,000,000.00 against the state court judgment. They contend that (1) Carpenter was covered by the policy as required by DOT regulations; (2) they are third party beneficiaries to the insurance contract; (3) Aetna is estopped from denying coverage, since it issued the Certificate of Insurance upon which the State of Oklahoma relied in permitting the work to begin, and upon which the general public relied in insuring an avenue of recovery if liability arose; (4) the contract should be reformed to include coverage for Carpenter as contemplated by Oklahoma law; and (5) Aetna acted in bad faith in denying coverage. Judge Burrage certified to us the four questions presented for resolution under state law.

1. MAY AN INJURED MEMBER OF THE PUBLIC BRING AN ACTION TO RECOVER DIRECTLY AGAINST A PUBLIC LIABILITY INSURER AS A STATUTORY THIRD PARTY BENEFICIARY UNDER THE OKLAHOMA COMPETITIVE BIDDING ACT?

¶ 8 Plaintiffs urge that the insurance requirement contained in the Oklahoma Competitive Bidding Act is for the benefit of members of the public who might be injured by those working on a government project. They conclude that this Act, combined with the DOT regulations, Standard Specifications for Highway Construction, gives them beneficiary status, thus permitting them to sue the insurer directly. They also claim that as a judgment creditor of Carpenter they may step into his shoes to enforce his rights under the insurance contract, as he should have been a named insured.

¶ 9 Aetna defends by claiming that an injured member of the public cannot bring suit against a liability insurer directly unless there is a statute which expressly confers that right. Aetna asserts that neither the Competitive Bidding Act nor the DOT regulations afford that right.

¶ 10 The Competitive Bidding Act of 1974, 61 O.S.1991 § 101 et seq. provides that "[n]o work shall be commenced until a written contract has been executed and all required bonds and insurance have been provided by the contractor to the awarding public agency." Section 113 states that certain items must be provided by the contractor to the awarding agency, including "[p]ublic liability and workers' compensation insurance during construction in reasonable amounts." The insurance requirement is mandatory; it cannot be waived. *Carpet City, Inc. v. Stillwater Municipal Hospital Authority,* 1975 OK 75, 536 P.2d 335, 338 (Okla.1975). The purpose of the Act is to protect the taxpaying public, and should be interpreted to further the public's interest. *Rollings Const. v. Tulsa Metro. Water,* 1987 OK 95, 745 P.2d 1176, 1177–8 (Okla.1987). However, no provision in the Act expressly creates a right of action for an injured third party. Further, no provision in the Act gives third party beneficiary status to an injured member of the public.

¶ 11 The Department of Transportation has adopted standards to govern projects such as the one in this case. As long as these administrative standards do not conflict with a statute they have the force and effect of law. *Texas Oklahoma Express v. Sorenson,* 1982 OK 113, 652 P.2d 285 (Okla.1982) (administrative rules have the force and effect of law); *Arkansas Louisiana Gas Co. v. Travis,* 1984 OK 33, 682 P.2d 225 (Okla.1984) (if there is an irreconcilable conflict between a statute and a rule, the statute must prevail). Section 107.13 of the Standards for Highway Construction, 1988, states as follows:

Third Party Beneficiary Clause. It is specifically agreed by and between the parties executing this Contract, that *it is not intended by any of the provisions of any part of the Contract to create in the public or any member thereof any third party*

*beneficiary provisions* or to authorize anyone not a party to this Contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this Contract. (emphasis added)

■ ¶ 12 The Competitive Bidding Act does not address this subject, but the Standards for Highway Construction does, and expressly negates any such right. This regulation, having the force and effect of law, governs the parties' rights in this circumstance. Hence, we answer the first question posed by the Federal Court in the negative. An injured member of the public is not a statutory third party beneficiary to a public liability insurance contract under the Oklahoma Competitive Bidding Act. However, we do note that third party beneficiary status is unnecessary if the action is one in garnishment. *See Nogales Ave. Baptist Church v. Peyton*, 1978 OK 36, 576 P.2d 1164 (Okla. 1978) (a garnishment proceeding may be had by a judgment creditor against an insurer debtor); *Tipton v. Bready*, 229 F.Supp. 301 (D.C.Okla.1964).

## 2. IS ONE WHO ISSUES A PUBLIC LIABILITY POLICY UNDER THE OKLAHOMA COMPETITIVE BIDDING ACT ESTOPPED UNDER OKLAHOMA LAW FROM DENYING COVERAGE AS SPECIFIED UNDER THE STANDARD SPECIFICATIONS FOR HIGHWAY CONSTRUCTION?

■ ¶ 13 To discuss this certified question we must point out that although Aetna is precluded from denying coverage to Carpenter, the basis of this decision is not estoppel, but rather the Competitive Bidding Act and the Standards Governing Highway Construction. Estoppel is a legal concept which bars a party from alleging or denying certain rights which might otherwise have existed because of the party's voluntary conduct. *Apex Siding & Roofing Co. v. First Federal Sav. & Loan Ass'n*, 1956 OK 195, 301 P.2d 352 (Okla.1956). Estoppel requires good faith reliance upon a representation or position by the party asserting estoppel. *First State Bank v. Diamond Plastics*, 1995 OK 21, 891 P.2d 1262, 1272 (Okla.1995). While estoppel may be applicable in the pres-

ent situation we cannot make that determination, because there are insufficient facts before us to show that Carpenter relied on conduct or statements made by Aetna. *See United Pacific Insurance Co. v. Meyer*, 305 F.2d 107 (9th Cir.1962) (court held that because Idaho required liability insurance to cover both contractors and subcontractors and because insurer issued certificate stating that contractor had insurance, insurer was estopped from denying coverage to subcontractor).

¶ 14 However, our Oklahoma statutes mandate that before highway construction may begin, public liability insurance covering the contractor and all other parties who will perform construction work must be obtained and a certificate showing compliance with this requirement must be given to the awarding public agency. 61 O.S.1991 §§ 103 and 113. The DOT's regulations, as found in the Standards for Highway Construction, Section 107.13, require insurance for the contractor and all persons who will be assigned work under the construction contract:

The Contractor shall carry insurance of the following kinds and amounts on all Department Contracts:

2. **Insurance for Subcontractor's and Contractor's Protective Public Liability and property Damage Liability Insurance.** In the event that any of the work to be performed by the Contractor on the project is sublet or assigned, or is otherwise to be performed by any one other than the Contractor's own employees, then the insurance specified above shall extend to cover such work.

This insurance requirement cannot be waived; it is mandatory. *Carpet City*, 536 P.2d at 338 (Okla.1975).

¶ 15 In the facts presented by the Federal District Court Aetna admitted that it contracted with Shears to provide the public liability insurance required by state law. Aetna's agent issued a certificate of insurance stating that public liability insurance was being provided as required by the Department of Transportation and the State of Oklahoma.

¶ 16 While the facts presented to this Court by the Federal District Court are not conclusive as to whether the elements of estoppel are met, we observe that as a matter of Oklahoma law Aetna is precluded from denying liability coverage to any subcontractor who performed work on the state highway contract awarded to Shear. The Competitive Bidding Act was enacted to protect the taxpaying public and must be construed so as to protect the public interest. *Rollings Construction,* 745 P.2d at 1178 (Okla.1987). The only way to protect the public interest is to enforce the mandatory provisions of Section 113 and Department of Transportation Regulations, specifically Section 107.13. Insurers are not permitted to write and enforce insurance contracts which contravene state law. *See Young v. Mid–Continent Cas. Co.,* 1987 OK 88, 743 P.2d 1084 (Okla.1987) (insurance contract which excluded coverage for members of household under twenty-five years old was not enforceable because it violated the legislative intent of statutorily-required liability insurance); *Nation v. State Farm Insurance Co.,* 1994 OK 54, 880 P.2d 877 (Okla.1994) (household exclusion in insurance contract was invalid as it violated the legislative mandate for compulsory liability insurance). Aetna's denial of coverage to Carpenter is in direct contravention of the Competitive Bidding Act and the Standards of Highway Construction.

## 3. MAY AN INJURED MEMBER OF THE PUBLIC SEEK REFORMATION OF A PUBLIC LIABILITY CONTRACT TO INCLUDE COVERAGE OF A SUBCONTRACTOR WHO INJURED THAT PERSON?

¶ 17 When clear and convincing evidence is presented Oklahoma permits reformation of a contract, including an insurance contract, to reflect the understanding of the parties in situations where there is fraud, accident or mutual mistake. *Cleary Petroleum Corp. v. Harrison,* 1980 OK 188, 621 P.2d 528 (Okla.1980); *Haggard v. Calhoun,* 1956 OK 62, 294 P.2d 836 (Okla.1956). We have even permitted persons not parties to the insurance contract to obtain reformation when it was shown that the parties intended for these persons to be beneficiaries. *United States Fidelity & Guaranty Co. v. Webb,* 1970 OK 214, 477 P.2d 392 (Okla.1970).

¶ 18 In this case we have determined that plaintiffs are not third party beneficiaries. Neither are they parties to the insurance contract. The remedy of reformation is not available to them. *Shelter Mutual Ins. Co. v. LittleJim,* 927 F.2d 1132 (10th Cir.1991) (injured motorist had no standing to seek reformation since he was not a party to the insurance contract). However, as we have noted, plaintiffs are judgment creditors of Carpenter, a subcontractor of Shears, and may seek garnishment. As we stated in part 2, Oklahoma law precludes Aetna from denying coverage to Carpenter as a subcontractor who performed work under the state highway construction contract.

## 4. MAY AN INJURED MEMBER OF THE PUBLIC BRING AN ACTION FOR BAD FAITH ON A PUBLIC LIABILITY INSURANCE CONTRACT?

¶ 19 All parties here have agreed that an insurance company owes a duty of good faith to a party to the contract of insurance. It is from this contractual relationship, or in some cases a statutory requirement, that the duty of good faith arises. *McWhirter v. Fire Ins. Exchange Inc.,* 1994 OK 93, 878 P.2d 1056 (Okla.1994); *Gianfillippo v. Northland Cas. Co.,* 1993 OK 125, 861 P.2d 308 (Okla.1993); *Allstate Ins. Co. v. Amick,* 1984 OK 15, 680 P.2d 362 (Okla.1984). Without this relationship an action for bad faith must fail:

> In *Allstate Ins. Co. v. Amick,* we held the injured third party could not maintain an action against the tortfeasor's insurer for bad faith negotiations and for failure to settle claims fairly and in good faith. We said that such an action by an insured against its insurer is allowed because of the implied duty of good faith and fair dealing recognized in that relationship. *The duty arises from the contractual relationship between the insurer and the insured. Third parties are strangers to the contract. Absent a contractual or statutory relationship, there is no duty.*

*McWhirter,* 878 P.2d at 1058 (footnotes omitted; emphasis in original).

¶ 20 Here, we have held that Hoar is not a third party beneficiary to the contract. The Department of Transportation regulations are specific in this regard; no third party beneficiary status is created by the issuance of a public liability insurance policy. The Competitive Bidding Act does not create a statutory relationship between Hoar, the injured third party, and Aetna, the insurer. The case law is clear and consistent. *Allstate v. Amick, supra.* We affirm once more that absent a statutory or contractual relationship an injured party may not maintain a bad faith action against a public liability insurer.

¶ 21 The certified questions are answered.

¶ 22 SUMMERS, V.C.J., HODGES, LAVENDER, ALMA WILSON, WATT, JJ., concur.

¶ 23 KAUGER, C.J., OPALA, J., concur in part and dissent in part.

¶ 24 SIMMS, HARGRAVE, JJ., concur in parts 1, 3 and 4; dissent from part 2.