**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRACI FOWLER, Administratrix of
the Estate of Levy Abla, a deceased
minor, and Traci Fowler, individually,

Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, d/b/a
American Family Insurance,

Defendant-Appellee.

No. 99-6292
(D.C. No. 98-CV-1388)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal involves a case based on diversity of citizenship in which plaintiff disputes the treatment of her claim for uninsured/underinsured motorist (UM) coverage. The district court granted summary judgment in favor of defendant, finding that UM coverage was not available under the terms of the policy and that, consequently, defendant did not breach its duty of good faith and fair dealing. We review the grant of summary judgment *de novo* to determine whether there is a genuine issue of material fact and if defendant is entitled to judgment as a matter of law. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). In so doing, we view the evidence in the light most favorable to plaintiff. *See id.* Guided by this standard, we affirm.

Levy Abla, an Oklahoma resident, was killed in a one-car accident in Oklahoma. He was a passenger in a car driven by April Abla, who is the daughter of the car's owner, Ronald Abla. The car was registered and garaged in Kansas, and it was insured by defendant pursuant to an insurance contract between Ronald Abla, a Kansas resident, and defendant. The contract was entered into in Kansas. Plaintiff, Levy Abla's mother and the administratrix of his estate, resides in Oklahoma, as do all the other beneficiaries of the estate.

The district court applied Oklahoma's choice of law principles and determined that Oklahoma law governed the outcome of this case. Even though the contract was entered into in Kansas, the district court found that Oklahoma

-2-

law applied because Oklahoma has the most significant relationship with the subject matter and the parties. *See Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla. 1991). We review the district court's choice of law and state law determinations *de novo*. *See Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994). Although defendant suggests that the "significant relationship test" does not require application of Oklahoma law, it does agree with the district court's finding that Oklahoma law does not dictate that plaintiff was entitled to UM coverage. The district court was correct in applying Oklahoma law in this case because that state has the most significant relationship to the subject matter and the parties.

We agree with the district court that Okla. Stat. tit. 36, § 3636(A) and the public policy embedded therein do not dictate that plaintiff is entitled to UM coverage in this case, because the insured vehicle was neither registered nor garaged in Oklahoma. [1] The district court was correct in finding that the statute, by its terms, applies only in situations where the insured vehicle is "registered or

---

[1] The statute also specifically applies only where the insurance policy is "issued, delivered, renewed, or extended" in Oklahoma. Okla. Stat. tit. 36, § 3636(A). The district court did not address this requirement, but chose instead to rely on the fact that the vehicle was neither registered nor garaged in Oklahoma. That basis is sufficient grounds for our affirmance, but we note that the record contains no indication that the policy was issued, delivered, renewed, or extended in Oklahoma and, therefore, the statute and its policy would be equally inapplicable for that reason, as well.

principally garaged in [Oklahoma]." Okla. Stat. tit. 36, § 3636(A). Consequently, Oklahoma public policy does not prohibit interpreting the policy according to its express provisions.

The insurance policy defines "underinsured motor vehicle" as a vehicle insured by a policy which "provides bodily injury liability limits less than the limits of liability of this Underinsured Motorist Protection." Appellee's Supp. App. at 56. Because the policy provides bodily injury liability limits of $25,000/$50,000 and underinsured motorist coverage of $25,000/$50,000, the underinsured motorist coverage was not available. Further, the policy excepts from the definitions of both underinsured and uninsured motor vehicles a vehicle "[o]wned by or furnished or available for the regular use of you or a relative." *Id.* Because the vehicle was owned by the insured, Ronald Abla, neither underinsured nor uninsured motorist coverage is available to plaintiff.

Finally, we hold that plaintiff's claim that defendant was guilty of bad faith in connection with tendering payment under the liability coverage of the policy must fail. The district court was correct in finding that plaintiff has no cause of action for bad faith arising from the liability coverage because she has no contractual or statutory relationship with defendant. *See Allstate Ins. Co. v. Amick*, 680 P.2d 362, 364 (Okla. 1984).

AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge