FILED
United States Court of Appeals
Tenth Circuit

December 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEADFAST INSURANCE
COMPANY,

      Plaintiff - Appellee,

v.

AGRICULTURAL INSURANCE
COMPANY, now known as Great
American Assurance Company,

      Defendant - Appellant.

No. 10-5113
(D.C. No. 4:05-CV-00126-GKF-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL** and **HOLMES**, Circuit Judges.

This appeal is before us following the Oklahoma Supreme Court's decision

answering our certified question. The parties are aware of the facts. Briefly stated,

Plaintiff-Appellee Steadfast Insurance Co. ("Steadfast") issued successive insurance

policies to the Grand River Dam Authority ("GRDA"), providing GRDA with first-level

excess general liability coverage from 1993 through 2002. Steadfast defended GRDA

against a number of flooding claims made during this time period. Although the flooding

---

    * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

at issue spanned the entire nine-year period of coverage, Steadfast and GRDA agreed that the amounts Steadfast paid on those claims would be allocated to a single Steadfast policy, the 1993-94 policy. During this same time period, Defendant-Appellant Agricultural Insurance Co. ("Agricultural") provided GRDA with second-level excess liability insurance, which was triggered once Steadfast had reached its policy limits for a given year.

In this litigation, Agricultural contended that Steadfast artificially allocated all of the flooding claims it paid on GRDA's behalf to Steadfast's 1993-94 policy, wrongfully triggering Agricultural's second-level excess coverage for that year. On that premise, Agricultural asserted against Steadfast 1) a claim under Oklahoma law for equitable subrogation and 2) a direct cause of action under Oklahoma law alleging Steadfast breached a duty of good faith and fair dealing that it owed to Agricultural. After a trial to the court, the district court entered judgment for Steadfast on both causes of action. Agricultural appeals that decision. Having jurisdiction under 28 U.S.C. § 1291 and reviewing the district court's decision de novo, see Hofer v. UNUM Life Ins. Co., 441 F.3d 872, 875 (10th Cir. 2006), we affirm the district court's decision in part and reverse in part.

## I. Agricultural's equitable subrogation claim

The district court ruled Agricultural did not have a viable cause of action for equitable subrogation against Steadfast under Oklahoma law because the insured, GRDA, had agreed with Steadfast to allocate its payment of the flooding claims to only the 1993-

2

94 policy and had further agreed to release Steadfast from any further liability under that policy. We certified this question to the Oklahoma Supreme Court, which has responded that a second-level excess insurer <u>can</u> assert a claim for equitable subrogation against a first-level excess insurer under the circumstances in this case. <u>Steadfast Ins. Co. v. Agricultural Ins. Co.</u>, 304 P.3d 747, 748 (Okla. 2013). In light of the Oklahoma Supreme Court's ruling, we reverse the district court's decision and remand the equitable subrogation claim to the district court for further proceedings consistent with the Oklahoma Supreme Court's response to our certified question.

## II. Agricultural's claim that Steadfast breached a duty of good faith and fair dealing owed to Agricultural

In its second claim, Agricultural alleged that Steadfast, by artificially allocating all of the settlement amounts to its 1993-94 policy, breached an implied duty of good faith and fair dealing that Steadfast owed directly to Agricultural. The district court concluded that, under Oklahoma law, Agricultural could not assert such a direct cause of action against Steadfast because the two insurers did not have any contractual relationship from which such an implied duty of good faith and fair dealing could arise. We agree.

The Oklahoma Supreme Court, in somewhat analogous circumstances, has declined to recognize the existence of an implied duty of good faith where there is no contractual relationship between the parties. In <u>Niemeyer v. United States Fidelity & Guaranty Co.</u>, the Oklahoma Supreme Court indicated that a party injured in a car accident could not assert a claim against the tortfeasor's insurer for its bad faith refusal to

3

settle the injured party's claims. 789 P.2d 1318, 1322 (Okla. 1990) (citing <u>Allstate Ins. Co. v. Amick</u>, 680 P.2d 362, 364-65 (Okla. 1984)). In that case, the Oklahoma Supreme Court concluded that, "in the absence of a contractual or statutory relationship, there is no duty to settle a claim in good faith." <u>Id.</u>

We conclude that the Oklahoma Supreme Court would apply similar reasoning to the circumstances presented here to preclude Agricultural from suing Steadfast on a claim alleging that Steadfast directly owed Agricultural a duty of good faith and fair dealing. While both Steadfast and Agricultural had a contractual relationship with GRDA, the insurers did not have a contractual relationship between themselves from which such an implied duty could arise.

Our conclusion is consistent with the majority of courts in other jurisdictions that have similarly determined that an excess insurer cannot assert a direct cause of action against a primary insurer that alleges the primary insurer owed the excess insurer an implied duty of good faith and fair dealing. <u>See</u> <u>Twin City Fire Ins. Co. v. Country Mut. Ins. Co.</u>, 23 F.3d 1175, 1178 (7th Cir. 1994) (noting that just a "handful of cases from New York and New Jersey" "hint" that a primary insurer owes an excess insurer a duty of care, while "the overwhelming majority of American cases describe the duty that a primary insurer owes an excess insurer as one derivative from the primary insurer's duty to the insured," citing cases); <u>Truck Ins. Exch. of Farmers Ins. Grp. v. Century Indem. Co.</u>, 887 P.2d 455, 460 (Wash. Ct. App. 1995) ("While most courts have adopted the theory of equitable subrogation, only a minority have found the primary insurer owes a

4

direct duty of good faith to the excess insurer."); 28 Am.Jur. Proof of Facts 3d 507 § 14 (2011) (noting that, while "[i]n a few jurisdictions, an excess insurer may directly pursue an action against a primary insurer for a breach of a duty owed to the excess insurer, . . . [m]ost courts that have been asked to determine if there is a direct duty of a primary insurer to an excess insurer (or a direct cause of action) have rejected the idea that there is such a duty").

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's decision dismissing Agricultural's direct cause of action against Steadfast for breach of the implied covenant of good faith and fair dealing.  But we REVERSE the district court's dismissal of Agricultural's equitable subrogation claim and REMAND that cause of action to the district court for further proceedings consistent with the Oklahoma Supreme Court's ruling on our certified question.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

5