Question Submitted by: The Honorable Mike Shelton, State Representative, District 97
2014 OK AG 4
Decided: 03/10/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 4, __ __
Â¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the State Board of Career and Technology Education have the authority to promulgate a rule that allows a common school district to annex to a technology center school district or to deannex from a technology center school district?
2. If legislation were enacted pursuant to Okla. Const. art. X, Â§ 9B(H) to specifically prescribe procedures related to annexation to and deannexation from a technology center school district, would the legislation supersede the effect of the administrative rule promulgated at OAC 780:15-3-5 by the State Board of Career and Technology Education?
3. If a tax levy in a technology center school district is established through an election called for that purpose, does the State Board of Career Technology Education have the authority to promulgate a rule providing for a gradual phase-in or phase-out of the tax levy for newly annexed or deannexed schools? 
Â¶1 The Oklahoma Constitution allows for technology center school districts to be established, including a tax levy on an ad valorem basis to support the district. Okla. Const. art. X, Â§ 9B(A). In order to be established, the levy must be approved by a majority of the electors of the technology center school district at an election called for that purpose. Id. The levy is to be made each year until repealed by a majority of the electors in the technology center school district. Id. 
Â¶2 The State Board of Career and Technology Education ("State Board") is granted authority to prescribe criteria and procedures for the establishment and governance of technology center school districts. Okla. Const. art. X, Â§ 9B(G) ("districts shall be established in accordance with criteria and procedures prescribed by the State Board of Career and Technology Education"); see also 70 O.S.2011, Â§ 14-108(A). The various technology center school districts encompass specific geographical territories, and "[t]erritory may be annexed to or detached from a technology center school district, in accordance with rules prescribed by the State Board of Career and Technology Education." Id. Â§ 14-108(H). 
Â¶3 Annexations may be proposed through various means, such as by the board of education of a local public school district or by the patrons and electors of that school district through a petition process. OAC 780:15-3-5(b)(1)(A)-(C) (2011). If an annexation is approved by the electors of the local school district at an election, then the local school district is incorporated into the territory of the technology center school district creating a partnership where the students of the local school district may attend the various programs and classes at the technology centers in lieu of taking classes at their regular school. These programs provide hands-on learning to explore careers in a variety of "Career Clusters" including, but not limited to: architecture, finance, health sciences, hospitality and tourism, and information technology.[1] In this respect, an annexation does not refer to "taking control" of local school district or affecting the governance of the local district, but is instead the formation of a partnership between a technology center school district and a local school district to provide services to students. Finally, a similar process is also contemplated for any local school district who wishes to deannex from a technology center school district. OAC 780:15-3-5(c). 
Â¶4 You have asked questions regarding the State Board's authority to adopt certain administrative rules relating to annexation, deannexation, and the rules' effect on tax levies. These questions are answered as follows.
I.
Does the State Board of Career and Technology Education Have the Authority to Promulgate a Rule That Allows a Common School District to Annex to a Technology Center School District or to Deannex From A Technology Center School District?
Â¶5 You first ask if the State Board has the authority to promulgate an administrative rule that allows a common school district to annex or deannex itself to or from a technology center school district. We initially recognize that "an agency created by statute may exercise only those powers granted and may not expand those powers by its own authority." City of Hugo v. State ex rel. Pub. Emp's Relations Bd., 886 P.2d 485, 492 (Okla. 1994). "In determining what authority may be implied from a statutory scheme, the statute as a whole is considered; and the legislative intent must be determined." Id. "The fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of the statute." YDF, Inc. v. Schlumar, Inc., 136 P.3d 656, 658 (Okla. 2006). 
Â¶6 Here, we look first to the language of the Oklahoma Constitution, which provides, "Until otherwise provided for by law, technology center school districts and the government of technology center school districts shall be established in accordance with criteria and procedures prescribed by the State Board of Career and Technology Education." Okla. Const. art. X, Â§ 9B(G). It is apparent that the State Board was granted authority and deference in areas where the law is otherwise silent on matters pertaining to the creation and governance of technology center school districts. In addition, with respect specifically to annexation and deannexation, Oklahoma statutes provide, "Territory may be annexed to or detached from a technology center school district, in accordance with rules prescribed by the State Board of Career and Technology Education." 70 O.S.2011, Â§ 14-108(H). The State Board has been granted authority by the plain language of the Constitution and statutes to promulgate rules for establishing technology center school districts and the process by which territory may be annexed or detached from a technology center school district, and where a statute is plain and unambiguous it will receive the effect its language dictates. State ex rel. Okla. Firefighters Pension & Ret. Sys. v. City of Spencer, 237 P.3d 125, 132 (Okla. 2009). 
Â¶7 The plain language of the Constitution and statutes give authority to the State Board to adopt rules for establishing technology center school districts and procedures for how territory may be annexed or detached from a technology center school district. Because of this, we conclude that the State Board does have the authority to promulgate a rule that allows a common school district to annex to or deannex from a technology center school district. 
II.
If Legislation Were Enacted Pursuant to Okla. Const. art. X, Â§ 9B(H) to Specifically Prescribe Procedures Related to Annexation to and Deannexation From a Technology Center School District, Would the Legislation Supersede the Effect of the Administrative Rule Promulgated at OAC 780:15-3-5 by the State Board of Career and Technology Education?
Â¶8 We previously acknowledged that the Oklahoma Constitution gives authority to the State Board to promulgate rules to govern technology center school districts. Okla. Const. art. X, Â§ 9B(G) ("districts shall be established in accordance with criteria and procedures prescribed by the State Board of Career and Technology Education"). In addition, administrative rules have the force and effect of law. Texas Okla. Express v. Sorensen, 652 P.2d 285, 287 (Okla. 1982). "As long as these administrative standards do not conflict with a statute they have the force and effect of law." Hoar v. Aetna Cas. & Sur. Co., 968 P.2d 1219, 1221 (Okla. 1998). With regard to the State Board, authority is conditioned and only granted "[u]ntil otherwise provided by law." Okla. Const. art. X, Â§ 9B(G). 
Â¶9 The Constitution further provided: "The Legislature may alter, amend, delete, or add to the provisions of this section by law." Okla. Const. art. X, Â§ 9B(H). The State Board has authority to adopt rules necessary to implement procedures related to annexation and deannexation so long as the Legislature has not implemented procedures by statute. Indeed, if there is an irreconcilable conflict between a statute and a rule, the statute must prevail. Ark. La. Gas Co. v. Travis, 682 P.2d 225, 227 (Okla. 1984). Therefore, if legislation were enacted to specifically prescribe procedures for annexation to and deannexation from a technology center school district, the legislation would supersede the effect of the administrative rule if the rule conflicts with the legislation. 
III.
If a Tax Levy in A Technology Center School District is Established Through an Election Called for That Purpose, Does the State Board of Career Technology Education Have the Authority to Promulgate a Rule Providing for a Gradual Phase-in or Phase-out of the Tax Levy for Newly Annexed or Deannexed Schools? 
Â¶10 Tax levies to support technology center school districts may only be made on an ad valorem basis "when the levy is approved by a majority of the electors of the technology center school district, voting on the question at an election called for that purpose." Okla. Const. art. X, Â§ 9B(A). This levy "shall be made each fiscal year thereafter until repealed by a majority of the electors of the technology center school district, voting on the question at an election called for that purpose." Id. It is clear by this language that the authority to levy the tax and set the rate is solely vested with the electors of the technology center school district. 
Â¶11 The State Board has promulgated the following rule:
For all successful annexation elections occurring after January 1, 2005, the collection of ad valorem taxes from patrons in the annexing territory shall begin with a phase-in period of three consecutive tax years following the successful annexation election. Taxes will be collected according to the following schedule:
(A) First tax year following the election, 50% of the current technology center rate.
(B) Second tax year following the election, 80% of the technology center rate.
(C) Third tax year following the election, 100% of the technology center rate and to remain at 100% for all subsequent years unless a successful deannexation election occurs as outlined in these rules.
OAC 780:15-3-5(b)(4) (2011).
Â¶12 There is also a similar phase-out period implemented in the administrative rule for any deannexation. See OAC 780:15-3-5(c)(1)(I). You ask if the State Board has authority to adopt this rule creating a phase-in and phase-out period. 
Â¶13 As previously mentioned, it is clear that the authority to levy any tax and set the rate pursuant to Okla. Const. art. X, Â§ 9B(A) is vested with the electors of the technology center school district. Technology center school districts may be established "when the levy is approved by a majority of the electors of the technology center school district, voting on the question at an election called for that purpose." Id. And while we again recognize the State Board was given authority to promulgate rules for the establishment and governance of technology center school districts, that authority does not empower the State Board to adopt a rule that modifies the ad valorem tax rate for a technology center school district. "Executive and ministerial officials enforce the tax laws, but, in doing so, they must keep strictly within the authority those laws confer. They neither have nor can have roving commission to levy and collect taxes from people without authority of law, but they can only do so in the manner prescribed by the law . . . ." Prince v. St. Louis & S. F. Ry. Co., 237 P. 106, 106 (Okla. 1925). 
Â¶14 In this instance, the electors of a technology center school district have prescribed a tax levy through an election and that tax continues until repealed by the electors. Okla. Const. art. X, Â§ 9B(A). Further, when the electors of a common school district vote to annex the common school district's territory into a technology center school district, real property within the annexed common school district becomes subject to the property tax levy on land within the technology center school district. Conversely, a vote to deannex common school territory from a technology center school district removes the deannexed land from the territory subject to the tax levy established on land within the technology center school district. In both cases, the State Board is without authority to establish a phased-in or phased-out tax rate, because only the electors of a technology center school district may impose or modify a tax levy on land within a technology center school district. See id. 
Â¶15 "Section 9, article 10, of the Constitution, is both a limitation and a grant of power. It is a grant of power to a majority of the voters of a school district voting at an election held for that purpose to increase the annual rate of taxation on an ad valorem basis for school purposes . . . ." Excise Bd. v. Sch. Dist. No. 34, 10 P.2d 643, 643 (syllabus Â¶2) (Okla. 1932). It is not a grant of power to the State Board to modify the ad valorem rates on a phased-in or phased-out basis. Therefore, because the authority to establish and modify a tax levy in a technology center school district is vested in the electors, the State Board of Career Technology Education does not have the authority to promulgate a rule that modifies the ad valorem rate by providing for a gradual phase-in or phase-out of the tax levy for newly annexed or deannexed schools.[2]
Â¶16 It is, therefore, the official Opinion of the Attorney General that:
1. The State Board of Career and Technology Education has the authority to promulgate an administrative rule that establishes procedures for common school districts to annex to a technology center school district or to deannex from a technology center school district pursuant to Okla. Const. art. X, Â§ 9B and 70 O.S.2011, Â§ 14-108(H). 
2. If legislation were enacted pursuant to Okla. Const. art. X, Â§ 9B(H) to specifically prescribe procedures related to annexation to and deannexation from a technology center school district, the legislation would supersede the effect of the administrative rule promulgated at OAC 780:15-3-5 by the State Board of Career and Technology Education when there is an irreconcilable conflict between the rule and the statute.
3. If a tax levy in a technology center school district is established through an election called for that purpose, the State Board of Career Technology Education does not have the authority to promulgate a rule providing for a gradual phase-in or phase-out of the tax levy for newly annexed or deannexed territory. Okla. Const. art. X, Â§ 9B.
E. SCOTT PRUITT
Oklahoma Attorney General
GEOFFREY LONG
Assistant Attorney General
FOOTNOTES
[1] See http://www.okcareertech.org/students. 
[2] We also recognize the Constitution requires, "Taxes shall be uniform upon the same class of subjects." Okla. Const. art. X, Â§ 5(B). However, it is unnecessary to address this issue because we have found on other grounds that the State Board is without authority to promulgate an administrative rule imposing a phased-in or phased-out approach to ad valorem taxation on newly annexed or deannexed territory. 




 CitationizerÂ© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases
Â 
Cite
Name
Level
Â 
1994 OK 134, 886 P.2d 485, 65 OBJ 4025, 
City of Hugo v. State ex rel. Public Employees Relations Bd.
Cited
Â 
1932 OK 230, 10 P.2d 643, 156 Okla. 261, 
EXCISE BD. OF MARSHALL COUNTY v. SCHOOL DIST No. 34 MARSHALL COUNTY
Cited
Â 
2006 OK 32, 136 P.3d 656, 
YDF, INC. v. SCHLUMAR, INC.
Cited
Â 
2009 OK 73, 237 P.3d 125, 
STATE ex rel. OKLA. FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v. CITY OF SPENCER
Cited
Â 
1925 OK 427, 237 P. 106, 110 Okla. 141, 
PRINCE v. ST. LOUIS & S. F. RY. CO.
Cited
Â 
1982 OK 113, 652 P.2d 285, 
Texas Oklahoma Express v. Sorenson
Cited
Â 
1998 OK 95, 968 P.2d 1219, 69 OBJ 3364, 
Hoar v. Aetna Casualty and Surety Co.
Cited
Â 
1984 OK 33, 682 P.2d 225, 
Arkansas Louisiana Gas Co. v. Travis
Cited
Title 70. Schools
Â 
Cite
Name
Level
Â 
70 O.S. 14-108, 
Area School Districts - Organization and Operation - Governing Board - Levy Elections - Estimate of Needs - Appropriation Accounts - Annexation and Detachment of Territory - Classification, Inspection and Accreditation - Treasurer - Transfer of Tenure
Discussed at Length